LANE ET AL V. HALLUM ET AL.

1. LIEN: *Attorney's, for his fee.*
   By Statute an attorney has a lien upon and interest in the judgment recovered by him for his client in a court of record; and if the judgment be for the recovery of property, the lien amounts to an interest to the extent of it, in the property recovered, and may be enforced in a court of equity.

2. SUBROGATION: *Purchaser of encumbered property paying the encumbrance.*
   Where a judgment creditor purchases, under his judgment, the land of his judgment debtor, on which there is a subsisting° attorney's lien against the debtor for services in recovering the land for him, and such purchaser afterwards pays off the lien, or the land is sold to satisfy it, he is entitled to be subrogated to the rights of the attorneys to an execution on their personal judgment rendered against the debtor for their fee.

APPEAL from *Lonoke* Circuit Court in Chancery.

Hon. J. W. MARTIN, Circuit Judge.

STATEMENT.

In February, 1879, Hallum & England, partners in the practice of law, filed in the Lonoke Circuit Court their complaint in equity against Lane, alleging that as practising attorneys of said court, they had, at the employment of Lane, instituted and prosecuted a suit in equity for him in said court, against one Everett, for the recovery of a certain tract of land in said county, (which they described) and for rents ; and that they were successful—had recovered the land and rents, and were reasonably entitled to a fee of one hundred and forty dollars for their services, for which sum they claimed a lien against the land, and had filed their claim of

48—38

lien in court as required by law; and they prayed that the land be sold to pay it.

Silas B. Fields, showing an interest in the land, was allowed to be made a defendant, and answered, alleging in substance, that since the recovery of the land for Lane he had purchased the land under a judgment and execution, recovered by him against Lane; had purchased through the plaintiff, Hallum, as his agent, and under the representation from plaintiffs before then that their lien was only $80; and that plaintiffs had frequently, since then, represented to him that their lien was $80, and he asked that not more than $80, if anything, be allowed. He exhibited several letters written by plaintiffs to him since his purchase, in which they claimed a fee and lien of $80. He also filed with his answer a demurrer to the complaint.

Lane made no defense.

The cause was heard upon the complaint, answer, demurrer, and an agreed statement of facts. This statement showed that Fields purchased the land at the amount of his judgment against Lane; that the statement in the letters to Fields, that the amount of the lien was $80, was an honest mistake of the plaintiff, Hallum, which was subsequently corrected, and that the clerk in recording the lien upon the margin of the record had made it $100 instead of $140.

The court found that the plaintiffs were entitled to a fee of $100 for their services, and rendered a personal judgment against Lane for that amount, and decreed it a lien upon the land, and ordered that the land be sold to satisfy it if it was not paid in sixty days. Fields appealed.

*Blackwood & Williams*, for appellant:

1. A lien is neither a *jus in re*, nor a *jus in rem*, proper-

Lane et al v. Hallum et al.

*ty* nor *debt*, but a right to have satisfaction out of property. *Roberts et al* v. *Jacks*, 31 *Ark.*, 601.

There was no contract for a certain fee, no liquidated amount agreed on, and the mere filing of a lien in the clerk's office did not liquidate the amount. To so hold would allow one party to be a judge in his own cause. Appellees do not show that they have exhausted their remedy *at law*. *Bish. Eq.*, sec. 37; *Story Eq.*, sec. 33, and authorities cited in Cummins and Garland's brief in *Hanger* v. *Fowler*, 20 *Ark.*, 668. This question was raised in the court below by Field's demurrer. *Sexton* v. *Pike*, 13 *Ark.*, 193.

2. No solicitor's lien attaches in Chancery proceedings. *Hanger* v. *Fowler*, *supra.*, *Smalley* v. *Clark*, 22 *Vermont*, 598.

3. Appellees were attorneys for Field, and induced him to buy the land, and are estopped from setting up greater claim than $80. *Bish. Eq.*, sec. 282, *et seq*; 1 *Green Ev.*, secs. 22, 27.

HARRISON, J. By an express provision of the Statute an attorney has a lien upon and an interest in a judgment which he may have recovered in a court of record for his client, and which lien, when the judgment is for the recovery of real or personal property, amounts to an interest to the extent of it in the property so recovered. *Gantt's Dig.*, secs. 3622, 3624.

The right of the appellees to resort to a court of equity to enforce their lien was, we think, unquestionable. *Gist* v. *Hanley*, 33 *Ark.*, 233.

There was no evidence that when Field purchased the land at the sale, under his execution, through the appellee, Hallum, as his agent, he had then been told by the appellees that their lien was for only $80, as averred in his answer, or

that he was in any way deceived or mistaken as to the amount of it.   Nor does it appear that their statements afterwards to him concerning it, in anywise so influenced his action in the matter as to estop them from claiming any more than that amount.

The finding of the court as to the amount due the appellees was warranted by the agreed statement of facts or evidence in the case.

If Lane should fail to pay the plaintiffs the sum found by the decree to be due, and Field should pay the same, or the land be sold under the decree, he would, as a matter of course be entitled to be subrogated to their right, and to an execution upon the decree against Lane.

The decree is affirmed.