BELL v. TALLMAN.

Opinion delivered April 20, 1901.

APPEAL—QUESTIONS CONSIDERED.—Where a chancery cause was decided on a demurrer to the complaint, the supreme court on appeal will not go into the merits, although testimony was taken and presented in the transcript.

Appeal from Prairie Circuit Court in Chancery.

JAMES S. THOMAS, Judge.

*Thos. C. Trimble* and *J. E. Gatewood*, for appllants.

The complaint stated a cause of action and equity had jurisdiction thereof. 19 Ark. 139; 22 Ark. 103; 24 Ark. 431; 32 Ark. 478; 2 Story, Eq. § 700. It was error to sustain the demurrer.

*W. E. Atkinson*, for appellees.

The court correctly sustained the demurrer. The taxation being valid, appellants cannot recover in equity and aquire a title because of irregularity in the assessment or sale, without first tendering to the purchaser, or those claiming under him, the taxes, penalties and costs. 39 Ark. 263.

BUNN, C. J. This is a bill in chancery in the Prairie circuit court by the appellant to establish a lost certificate of entry of the southwest quarter of section 33, in township 1 south of range 6

west, in Prairie county, issued to one Herr and by him transferred to one Harvel, through which, by successive transfers, appellants claim title, and also to set aside a tax title under which appellees claim the same land, and to quiet appellant's title thereto. The bill sets up the successive links in appellant's chain of title, and the answer sets up a tax sale and lost certificate thereof, whereby the appellants and those under whom they claim were divested of the title to said property, and concludes with a general demurrer to the complaint.

On the hearing, the chancellor considered the demurrer to the complaint only, and sustained the same, and dismissed the bill, although testimony was taken and presented in the transcript upon the whole case. But, having decided the cases upon the demurrer, the inquiry into the merits on the testimony was not gone into; and we are thus left to review the action of the chancellor on the demurrer only. Upon its face, and standing alone, it is our opinion that the complaint is good upon demurrer, and the same should have been overruled, and the case decided upon its merits.

The judgment and decree is reversed, and the cause is remanded, with directions to overrule the demurrer and to proceed with the cause not inconsistently with this opinion.