## GREENLEE v. ROWLAND.

### Opinion delivered January 13, 1908.

1. APPEAL—PRACTICE IN CHANCERY CASES.—Where a chancery cause is submitted upon the pleadings and evidence, and the court sustains a demurrer to the complaint, and plaintiff appeals, the Supreme Court, after determining that the demurrer was erroneously sustained, is authorized to determine the whole case upon the evidence, unless the

evidence is so nearly in equipoise that the finding of the chancellor upon the facts would be accepted as conclusive, in which event the cause might be remanded for his decision upon the facts. (Page 105.)

2. EQUITY—JURISDICTION OVER INFANTS.—Chancery has general jurisdiction over the persons and property of infants. (Page 106.)

3. SAME—ENFORCEMENT OF ATTORNEY'S LIEN.—Chancery has jurisdiction to enforce a lien in favor of an attorney upon land of his client recovered by him. (Page 106.)

4. GUARDIAN AND WARD—EMPLOYMENT OF ATTORNEY.—Where a guardian occupied a hostile attitude toward his ward in a suit affecting the ward's land, it was proper for the relatives of the ward to employ a competent attorney to protect the ward's interest, and the ward's estate will be liable for a reasonable fee, where the attorney's services were for the ward's benefit. (Page 106.)

5. ATTORNEY AND CLIENT—ATTORNEY'S LIEN.—Under Kirby's Digest, § 4460, giving an attorney a lien upon real or personal property recovered for his client, where, under a decision of the trial court, a client's land was taken possession of by his adversary, but upon appeal the decison was reversed, whereupon the possession was surrendered to the client, this constituted a "recovery" which entitled the attorney to a lien on the land. (Page 106.)

Appeal from Woodruff Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

*C. F. Greenlee,* pro se.

1. The chancery court had jurisdiction. 70 Ark. 191; 74 Ark. 104; 75 Ark. 52; 62 Ark. 223; 65 Ark. 437.

2. Appellant has a lien under the statute upon the land recovered in the Hysmith case. Kirby's Digest, § 4458. Appellees' contention that there was no recovery in that case, but only a saving to the estate, is without merit. "Recover means to obtain by course of law; to obtain by means of actions; to succeed in an action." Kinney's Law Dict.; Anderson's Law Dict.; 10 Mo. App. 29; 7 N. C. 169. See also Webster's Int. Dict., "Recover." There is a recovery here through the efforts of appellant, not only of possession of the land which had gone into possession of E. R. Hysmith under the decree of the chancellor, but also of a large sum of money for rent thereon for three years.

*Campbell & Stevenson,* for appellees.

1. The lien created by § § 4458, 4460, Kirby's Digest, extends only to cases where there has been a recovery of property. The minor defendants were devisees under the will of Jane Hysmith, and the executor had charge of the lands. His possession was their possession, and they therefore had nothing but their rights to defend. They sought no recovery. 47 Ark. 86; 56 Ark. 329; 65 Ark. 84; 68 Ark. 80. The complaint does not show that appellant's services were rendered under a contract with the minor defendants or with those who had the right to act for them. They had a regular guardian who had employed an attorney for them. Kirby's Digest, § 6023. And the father of a minor defendant, although the natural guardian, has no authority to bind the defendant or his estate by contract. 61 Ark. 32. But if it be admitted that there was a recovery, and that appellant's services were rendered under contract, he has no lien on the land. 75 Ark. 37.

2. Where a chancery cause is decided on a demurrer to the complaint, this court will not on appeal go into the merits, although testimony was taken and presented in the transcript. 69 Ark. 244.

3. Appellant, having resisted the motion to transfer to the law court, can not now complain that the transfer was not made. If an error, it was invited by appellant. 69 Ark. 140; 66 Ark. 588; Elliott, Appel. Pr. § 626; 72 Ark. 259. He can not on appeal assume a position inconsistent with his position in the lower court. 64 Ark. 215; Id. 253; Id. 305; 63 Ark. 268.

HILL, C. J. Wm. Hysmith died, leaving a will wherein he bequeathed certain real estate to his widow, Jane Hysmith. Jane Hysmith took possession of the property devised to her and other property acquired after the execution of the will which she obtained by purchase and adverse possession. She made a will in which she devised the land to Josie Rowland and other minors. She died, and her executor took possession of the land, and the heirs of Wm. Hysmith then brought suit against her executor and the devisees under her will, seeking to set aside the conveyance under which she held part of the land, and to recover the land devised by Hysmith. Mrs. Hysmith's devisees succeeded in the lower court as to the after-acquired land, and on appeal that decision was affirmed, but the

chancery court held that Mrs. Hysmith only had a life interest in the land devised her, and gave judgment in favor of Hysmith's heirs; and the devisees of Mrs. Hysmith took an appeal from that part of the decree, and this court held that Mrs. Hysmith acquired the fee to the land, and therefore her devisees took it. *Hysmith* v. *Patton,* 72 Ark. 296.

Under the decision of the chancery court the heirs of Hysmith took possession of said land, and retained possession and received the rents thereof until after this court decided against them, when they surrendered the possession to Mrs. Hysmith's devisees and accounted for the rents while they were in possession.

W. T. Trice was guardian of two of the minors, and he was employed as an attorney by the Hysmith heirs to bring the suit, and he appeared for them against his wards in both courts. He was authorized by the probate court to employ counsel for his wards, and did so, and the attorney so employed appeared for all the minor defendants. He employed counsel to assist him for the Hysmith heirs against these minors, and he testified that the attorney he employed was one of the most eminent lawyers in the country, and that the attorney whom he employed for the minors he did not regard as an eminent lawyer, and he would not employ him in business of his own. The relatives of these minor defendants became dissatisfied with the counsel thus employed for them, and employed the appellant, Greenlee, an attorney at law, to appear with the other attorney. He went into the case under such employment and with the consent and approval of the lawyer employed by Trice. The attorney employed by the guardian left the county, and the whole conduct of the case rested upon Greenlee, who recovered as to part of the land in the chancery court, and carried it to the Supreme Court for the part he lost in the chancery court, and there obtained a judgment for his clients recovering the lands devised to Mrs. Hysmith and affirming so much as he gained below. Mr. Greenlee filed a lien upon the judgment entered after the appeal for $750, and brought suit in the chancery court to enforce an interest in the land to the extent of his lien. The case was transferred backward and forward from the chancery to the circuit court, and finally, after being submitted to the chan-

cellor upon the pleadings and evidence, was taken under advisement. At the next term the chancellor dismissed the complaint for failing to show equitable jurisdiction, and did not pass on the merits.

It is insisted, in the first place, that the court is limited to reviewing the action of the chancery court in sustaining the demurrer to the complaint, and *Bell* v. *Tallman,* 69 Ark. 244, is cited to sustain this position. If this case be construed as holding that where a chancery case is submitted only upon demurrer and the submission is confined to the demurrer, although evidence may be taken and be preserved in the record, it is correct; but if it is construed, as contended by appellees, as holding that where a chancery case is fully developed and is submitted upon the pleadings and the evidence also, and the court determines only a question of pleading, this court is precluded from going further than the pleadings, then said decision is in conflict with the settled practice in chancery appeals, and should be, and is, overruled. It is the duty of this court to try chancery cases *de novo,* and in doing so the court gives much weight to the finding of the chancellor upon conflicting evidence; and where the testimony is evenly poised, or nearly so, the finding of the chancellor is accepted as conclusive. In cases where the chancellor has disposed of a case upon the pleadings and left undecided a close question of fact, this court might well remand it for his decision upon the facts, after disposing of the questions of law, and then his decision would be practically final; but ordinarily it is the duty of this court to determine the whole case, irrespective of how the chancellor reached his conclusion. Although the chancellor may have erred in his ruling upon the demurrer, yet, if the facts show that the same decision should be reached upon the merits, then it is the duty of this court to affirm it. If, on the other hand, his ruling is right upon the demurrer, but wrong upon the whole case as developed before him, and before this court, then it is the duty of this court to reverse. It is unnecessary to pass upon the demurrer, for, whatever defects may be in the complaint, they are cured by the evidence, and the whole case is here upon its merits for decision.

Chancery has general jurisdiction over the persons and property of infants. *Myrick* v. *Jacks*, 33 Ark. 425; *Shumard* v. *Phillips*, 53 Ark. 37. Moreover, this court has held that the lien of an attorney is properly enforcible in a court of chancery. *Lane* v. *Hallum*, 38 Ark. 385; *Hershy* v. *DuVal*, 47 Ark. 86. Upon either ground it is clear the chancery court had jurisdiction of this cause.

The guardian of these minors was in such an hostile attitude in the case of *Hysmith* v. *Patton* to his wards that it was entirely proper for their relatives to employ other counsel for them than the one employed by the guardian, and they and their estates would in such instance be liable for a reasonable attorney's fee where the services were for the manifest benefit of the infants. This is equally true where the relatives acted for the other minors who had no guardian. This matter is made plain by the decision in *Owens* v. *Gunther*, 75 Ark. 37. This case falls well within the principle of it. In that case there was no recovery of land, but the protection of the interests of the minors, and consequently no lien was allowed, only a charge against the estates. In this case, however, there was a recovery of land, within the meaning of section 4460 of Kirby's Digest, as construed in *Hershy* v. *DuVal*, 47 Ark. 86. The land was taken under a decree of the chancery court by the Hysmith heirs, and on appeal of the devisees of Mrs. Hysmith this court reversed that decree and rendered judgment, under which the Hysmith heirs were placed in possession with accrued rents of the property.

Judgment reversed, and cause remanded with directions to give judgment for the amount of the fee as proved, and to enforce the payment thereof through a lien upon the land recovered.