### REMMEL v. COLLIER.

### Opinion delivered February 7, 1910.

1. APPEAL AND ERROR—HARMLESS ERROR.—Where a chancery cause was tried upon the merits, an error of the chancellor in ruling as to the sufficiency of the pleadings will not be ground for reversal if upon the merits of the case the decree was correct. (Page 396.)

2. SAME—RECORD IN CHANCERY CASES.—The depositions of witnesses and oral testimony taken in open court and reduced to writing and filed are a part of the record in chancery cases. (Page 396.)

3. SAME—FAILURE TO BRING UP EVIDENCE.—Where a chancery cause was tried upon the merits, an error of the chancellor in overruling a demurrer to the complaint filed by appellant will not be considered if appellant failed to bring up the evidence upon which the decree was based. (Page 396.)

Appeal from Yell Chancery Court; *Jeremiah G. Wallace,* Chancellor; affirmed.

*U. S. Bratton,* for appellant.

1.   Liability under the bond was not limited by the terms of the first contract of employment, but was fixed by the bond itself. 89 Ark. 382; 91 Ark. 43.   And the general rule is that contracts of suretyship should receive the same liberal interpretation accorded to any other contract.   Child, Suretyship and Guaranty, 114; 117 N. Y. 196; 148 N. Y. 241; 27 La. Ann. 653; 99 Ill. App. 132; 81 Md. 155; 2 How. 476; 17 L. R. A. 652; 20 Cyc. 1425; 35 U. S. 482; 41 U. S. 582; 42 U. S. (1 How.) 169; 1 Brandt. Suretyship (3 ed.), § 1; 107 N. Y. 560.   See also 7 La. Ann. 387; 12 N. E. 227; 25 U. S. (12 Wheat.) 515.

2.   The contract of indemnity was a continuing one.   20 Cyc. 1440; 10 Conn. 95.   The right to recall the guaranty was expressly reserved.   92 N. W. 862; 44 N. Y. L. 493; 15 App. Div. 181; 55 N. E. 483; 43 U. S. (2 How.) 426; 1 Met. (Mass.) 24; 34 Conn. 27; Brandt, Sureties, 187; 2 Harr. & J. (Md.) 186; 57 Conn. 224; 56 L. R. A. 924; 76 Ark. 410; 183 U. S. 642; 28 Vt. 200; 79 Tex. 516; 53 Wis. 333.

3.   Notice of acceptance was unnecessary.   25 Am. Dig. (Cent. Ed.) 26; 43 Miss. 486; 86 Ill. App. 216; 160 Mass. 63; 27 Vt. 529.

*Bullock & Davis* and *Jno. M. Parker,* for appellee.

The record is incomplete, and decree should be affirmed.   38 Ark. 477; 61 *Id.* 157; 85 *Id.* 101; 121 S. W. 920.

McCULLOCH, C. J.   The transcript of the record in this case discloses the following proceedings: Appellant Remmel instituted an action at law against one J. S. Thompson and appellee Collier to recover from Thompson the amount of an alleged indebtedness to appellant as insurance agent, and to recover from appellee Collier the sum of $500 alleged to be due according to the terms of his bond executed to appellant, whereby he undertook to pay indebtedness which might become due and payable by Thompson to appellant.   On motion of the defendants in the action, the cause was transferred to the chancery court, and there appellee filed a demurrer to the complaint.   He and Thompson both filed answers to the complaint.   It does not appear from the record that the court made any ruling on the demurrer until the case was submitted for final hearing on the complaint and exhibits thereto, the separate answers of the two defendants, the

depositions of witnesses and the oral testimony heard in open court. Upon such final hearing, the court then sustained appellee's demurrer to the complaint, and dismissed the complaint as to him, but rendered a decree in favor of appellant against Thompson for the recovery of the sum of $3,067.30, found by the court to be due appellant from Thompson. Appellant took an appeal from that part of the decree which was against him. The transcript does not contain the answer of either of the defendants nor any of the testimony in the case. All that it contains is the complaint and exhibits thereto, the demurrer of appellee Collier and the final decree.

As the whole case was presented to the chancellor upon the merits of the case, as well as the sufficiency of the pleadings, if we should reach the conclusion that he erred in sustaining the demurrer but that upon the merits of the case the decree was correct, it would be our duty to affirm the case, notwithstanding the error of the court in sustaining the demurrer. In *Greenlee* v. *Rowland,* 85 Ark. 101, we said: "It is the duty of this court to try chancery cases *de novo,* and in doing so the court gives much weight to the finding of the chancellor upon conflicting evidence; and where the testimony is evenly poised, or nearly so, the finding of the chancellor is accepted as conclusive. In cases where the chancellor has disposed of a case upon the pleadings and left undecided a close question of fact, this court might well remand it for his decision upon the facts, after disposing of the questions of law, and then his decision would be practically final; but ordinarily it is the duty of this court to determine the whole case, irrespective of how the chancellor reached his conclusion. Although the chancellor may have erred in his ruling upon the demurrer, yet, if the facts show that the same decision should be reached upon the merits, then it is the duty of this court to affirm it.

It is the duty of the appellant in a chancery case to bring the whole record here so that we may review the same and determine whether the decree is right or wrong, as we do not reverse cases correctly decided, even though an error has been made in some ruling. The depositions of witnesses and oral testimony taken in open court and reduced to writing and filed (which the decree recites was done in this case) become a part of the record

in chancery cases. It was the duty of appellant to bring this part of the record here, so that we can pass on the merits of the case, and it is his fault that we are unable to do so. For this reason, the judgment should be affirmed, and it is so ordered.

BATTLE, J., (dissenting). This cause was submitted to this court upon the record here, and this court accepted the submission. The appellee did not undertake to bring here the remainder of the record, which he had the right to do. The only question submitted by the record here is, was the demurrer to the complaint properly sustained? It was not. This court tacitly so holds, but affirms the judgment of the court.

In *Greenlee* v. *Rowland*, 85 Ark. 101, the whole record, including the evidence taken in the case, was brought here, so that when it appeared that the demurrer was improperly sustained in that case it also appeared that appellant was entitled to judgment upon the merits—upon the evidence. To avoid a useless delay, as it appeared in that case, the court rendered judgment in favor of apellant upon the evidence.

There is no basis for the judgment of this court in this case, as there was in the Greenlee case. The demurrer to appellant's complaint was improperly sustained, and there was no evidence in the record here that appellee was entitled to judgment. By way of penalty for the failure of appellant to bring here the whole record in the case, this court affirmed the judgment of the lower court, which is erroneous. If any penalty ought to have been imposed, the dismissal of the appeal would have been more appropriate. But the equity and justice of the case demanded that the demurrer be overruled, and the cause be remanded to be disposed of upon its merits.