[No. 8350.]

SWEET ET AL. V. FORD.

1. INJUNCTION — *Discontinuance — Effect.* Voluntary discontinuance, for a cause arising after the allowance of an injunction in the action is not a confession that the injunction was improperly sued out. (179.)

2. ——*Emergency Bond—Liability—Statute Construed.* Plaintiff obtaining an injunction without notice to his adversary is liable upon the bond required by Rev. Code, sec. 164, only in case it is adjudged by the court that no emergency existed, or that plaintiff created or connived at it. (179.)

3. ——*Who Entitled.* No single defendant, where there is more than one, is entitled to the full penalty of the emergency bond. (179.)

4. PRACTICE—*Notice—When Required.* Notice of an Order of Court need not be served upon one who has actual knowledge of its contents. (179.)

*Error to Denver District Court.* Hon. GEO. W. ALLEN, Judge.

*En banc.    On rehearing.*

Messrs. PERSHING & TITSWORTH, and Mr. JOHN H. FRY, for plaintiffs in error.

Mr. JOHN P. BROCKWAY, for defendant in error.

Opinion by Mr. Justice TELLER.

William E. Sweet & Company, a corporation, one of the plaintiffs in error, was plaintiff in a suit to enjoin the disposal of certain municipal bonds of the Town of Dolores.

The complaint alleged that defendants Ford and Sethman, as partners, had contracted with said town to construct for it a system of water works; that said firm had contracted with plaintiff to sell it the entire issue of bonds received for the construction of said works; that some of the bonds had been delivered to plaintiff; that said firm had assigned its contract with the town to one Dempsey, who was to finish the work on the water plant; that Ford and Sethman had repudiated the contract with plaintiff, and had declared that the remainder of the bonds would be disposed of elsewhere; that plaintiff had sold all of the bonds for future delivery, and that it could not be compensated for the damages which would result to it from failure to receive the bonds purchased, because Ford and Sethman as a firm, and as individuals, were insolvent.

Dempsey, the town of Dolores, and several of its officers were made defendants, as well as Ford and Sethman.

An emergency bond in the sum of $1,000 was given, with the other plaintiffs in error as sureties, and a temporary injunction issued, as prayed in the complaint.

It appears that Ford and Dempsey were both served with notice of the restraining order, and that Dempsey then made an arrangement with plaintiff for the delivery to it of the bonds which he was to receive for finishing the work.

Shortly thereafter the plaintiff caused the suit to be dismissed, without notice to Ford.

It further appears that two days after the suit was dismissed Ford filed an answer in the suit, and a motion to change the order of dismissal, so that it would be an order of dismissal by the court. At the same time he gave notice that he would apply for judgment on the emergency bond.

The motion for a change in the order and for judgment on the bond was denied.

Ford, defendant in error here, then, as the sole plaintiff, began a suit on the bond, alleging the issue of the restraining order, the giving of the bond, that there was in fact no emergency, and that the suit had been dismissed by the plaintiff. The answer sets up the agreement with Dempsey for the purchase of the bonds coming to him, and alleges that without the restraining order such purchase could not have been made. It also alleges that the ruling on the motion to change the order of dismissal, and for judgment on the bond was an adjudication of the cause on its merits. Judgment for the plaintiff in the sum of $1,000 was entered on the pleadings.

The defendants in that suit bring the cause here for review.

Several grounds for reversal are presented but in our view of the case we need not consider them all. We take up first the one raised by this query:

"Can a defendant in an injunction proceeding recover upon an emergency bond given for the purpose of securing a temporary restraining order, without proof, or a finding by the court that an emergency for the re-

straining order did not exist, or, existing, was brought
about by an act or omission of or for the plaintiff, or by
his knowledge?''

The statute, section 164 of the Code, as published
in R. S. 1908, which requires the emergency bond, pro-
vides that it shall be ''conditioned for the payment of
the sum therein mentioned to the defendant if it shall
be adjudged that such emergency did not exist or that
the plaintiff created, or connived at its creation, by neg-
lect or otherwise.''

The undertaking in the bond on which the suit was
brought was that the obligors would ''pay the sum of
$1,000 to the said defendants in the event that it shall
be determined and adjudged by the court, upon the hear-
ing of said application, that the emergency did not exist,
or that the plaintiff created or connived at its creation,
by neglect or otherwise.''

The theory of defendant in error is that the dismis-
sal of the suit at the instance of the plaintiff is an admis-
sion that an emergency did not exist.

In support of this position counsel cites several
cases, all of which are to the effect that a dismissal or a
discontinuance of the suit by plaintiff has the same effect
as a decision of the court that the injunction was improp-
erly sued out. To this rule, however, there is a well rec-
ognized exception which prevents its application in cases
where the voluntary dismissal is for matters done or
arising subsequent to the issue of the injunction, where
the original issuance was proper. 22 Cyc., p. 1029.

The record in this case shows that the suit was dis-
missed after an arrangement had been made with Demp-
sey to sell to plaintiff all the bonds coming to him, that
is, all of the issue not already delivered to plaintiff.
Clearly, with this arrangement made, the object of the
injunction had been obtained, and there was no reason
for continuing the suit. The dismissal was, therefore,

brought about by matters arising subsequent to the issue of the injunction. Hence the cases do not apply, even if it were conceded that they are authority in any case of a voluntary dismissal of an emergency injunction issued under the statute.

But we do not rest the case on this exception to a general rule. The statute plainly intends that the sum named in the bond shall be a penalty inflicted upon the obligors for aiding in securing a restraining order, *ex parte,* where there was no ground for its issue without notice. As might naturally be expected, this penalty is not to be imposed on a mere inference that an emergency did not exist, but only on the court's *adjudging* that it did not exist. By the terms of the bond the obligors became liable only in case it should "be determined and adjudged by the court, upon the hearing of said application, that the emergency did not exist," etc.

It is plain that the dismissal of the suit did not meet the conditions named in the bond as the ground of liability, nor the terms of the statute which prescribes the penalty and the grounds of its imposition.

It may be added that as the sum named in the bond is treated as a penalty, or liquidated damages, and no showing is required of actual damages, it would follow that no single defendant would be entitled to it all, at least as against others who were served with notice of the writ and presumably submitted to it. In this case the record shows that Dempsey was served with notice of the order, though even that was not necessary to make him subject to it if he had knowledge of its contents.

It is not necessary, however, to determine who, if any one, had a right to recover, since there was no determination on the question of an emergency, the non-existence of which is the only ground of recovery in this case. The former judgment is vacated and the opinion withdrawn.

The judgment is reversed.

*Judgment reversed.*

Mr. Justice SCOTT dissents.

Decided January 3, A. D. 1916.   Rehearing denied December 4, A. D. 1916.