No. 10,246.

NAZARENUS *v.* WIGLE.

Decided February 5, 1923.

Action for injunction. Injunction granted.

*Affirmed.*

1. INJUNCTION—*Growing Crops.* An injunction may be granted to restrain a wrongful taking of possession, and harvesting of growing crops, and in such a case it is not necessary to show the insolvency of the defendant.

2. *Discretion.* The granting of injunctions are, to some extent, matters of discretion.

3. *Emergency Bond—Judgment Upon.* There can be no judgment upon an emergency bond in an injunction case, unless it is

adjudged that the emergency did not exist, or that the plaintiff created, or connived at its creation by neglect or otherwise.

*Error to the District Court of Weld County, Hon. Neil F. Graham, Judge.*

Mr. WILLIAM R. KELLY, for plaintiff in error.

Mr. E. H. HOUTCHENS, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit for an injunction. The plaintiff obtained a temporary restraining order without notice because of an alleged emergency, then a temporary injunction on notice, and at the final hearing was granted a permanent injunction. The defendant brings the cause here for review.

It is assigned as error that the judgment is contrary to the evidence. The point is not argued, and if it were, we are satisfied that the evidence supports the judgment.

The first, and principal, contention of the plaintiff in error is that "there was no ground for equitable jurisdiction." The act or acts sought to be restrained, in this case, consisted of defendant's going upon the land of the plaintiff and taking possession of, and harvesting, plaintiff's wheat crop. The plaintiff in error relies on the rule, followed in *Moore v. Halliday,* 43 Or. 243, 72 Pac. 801, 99 Am. St. Rep. 724, that equity jurisdiction to prevent trespasses exists only where the substance of an estate is being injured, destroyed, or carried away. The tendency of some other late decisions is to relax this rule. *Colliton v. Oxborough,* 86 Minn. 361, 90 N. W. 793. In the case last cited, and also in *Wilson v. Eagleson,* 9 Idaho 17, 71 Pac. 613, 108 Am. St. Rep. 110, and *Paige v. Akins,* 112 Cal. 401, 44 Pac. 666, an injunction was held proper under circumstances similar to those existing here. The insolvency of defendant was not shown, but that was not necessary. *Koch v. Story,* 47 Colo. 335, 107 Pac. 1093. The granting of injunctions are, to some extent, matters of discretion. *Paige v. Akins, supra.*

The only other point argued is that an emergency did

not exist, and that it was error not to grant defendant a judgment on the emergency bond. The record does not show that the court abused its discretion in issuing the temporary order. There could be no judgment for defendant on the emergency bond unless the court adjudged that the emergency did not exist or that the plaintiff created, or connived at its creation, by neglect or otherwise. *Sweet v. Ford,* 62 Colo. 175, 161 Pac. 144. The trial court made no such adjudication, and the abstract does not show that defendant requested it.

There is no error in the record. The judgment is affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE BURKE concur.