## Leo DePietro, In Equity *vs.* Abraham Modes.

### Cumberland.    Opinion November 21, 1924.

*On an appeal in equity a transcript of all the evidence must be transmitted to the Appellate Court. A failure to comply with this well-established rule of equity practice must result in a dismissal of the appeal.*

In this case the only purpose of the allegations contained in the first paragraph is to show that the contract, under which the labor and materials were furnished, was direct with the owner, in compliance with Sec. 35, Chap. 96, R. S., and that it required no compliance with Sec. 31, Chap. 96, R. S., to preserve the lien.

The second paragraph with the account annexed appraised the defendant that the labor and materials were furnished under two or more contracts, and the amendments allowed over the objection of the defendant went no farther than to render more specific what already appeared in the account annexed and were not essential to the admission of the evidence offered by the plaintiff.

On appeal.   A bill in equity to enforce a lien claim for labor and materials furnished on a building under Sec. 29, Chap. 96, R. S. A hearing was had on the bill, answer, replication and proof, and the sitting Justice entered a decree of $1,636.70 in favor of the complainant, from which decree respondent entered an appeal to the Law Court to which a transcript of none of the evidence was submitted.   Appeal dismissed, with additional costs.   Decree of court below affirmed.

The case is fully stated in the opinion.

*Frank P. Preti,* for complainant.

*Clinton C. Palmer,* for respondent.

SITTING:   CORNISH, C. J., PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

WILSON, J.   A bill in equity to enforce a mechanic's lien.   It comes before this court on appeal by defendant.   No copy of the evidence has been transmitted to this court.   The appeal must, therefore, be dismissed in accordance with the well-established rules of equity practice.   *Emery* v. *Bradley,* 88 Maine, 357; *Redman* v. *Hurley,* 89 Maine, 428; *Caverly* v. *Small,* 119 Maine, 291.

If the evidence had been transmitted, the appeal could not have been sustained.   The chief ground of the appeal appears to be that the court below allowed two amendments over defendant's objection setting forth in greater particularity the contracts under which plaintiff's right to a lien on defendant's land and building arose.

Neither amendment, as we view it, was necessary, unless upon demurrer for lack of certainty in the bill; and their allowance did not injure the defendant.

The defendant's main contention appears to be that the bill only seeks to obtain a lien for labor and materials furnished under a single and written contract, while the amendments set forth a claim for an additional lien under a separate and oral contract and therefore introduced a new cause of action.

It is true that the bill in the first paragraph sets forth that "by virtue of a contract" with the defendant, who is the owner of the premises, the plaintiff furnished certain material and performed certain labor.   This, however, is the common form of allegation to conform to Sec. 35 of Chap. 96, R. S., in order that it may appear

whether the materials furnished and work done was by virtue of a contract with, or by consent of the owner, or if not, whether Section 31 of said Chapter 96 had been complied with. It does no more in this instance than set forth that the contractual relations under which the materials and labor were furnished were direct with the owner of the premises. Whether under one contract or two is immaterial on this point.

It is paragraph two of the plaintiff's bill and the account annexed, therein referred to, which discloses whether the materials and labor were furnished and performed under one contract or two; and in this it clearly appears that the materials and labor for which the plaintiff claims his lien were not furnished under a single contract, but that the part covered by the defendant's objection was furnished under a separate contract or contracts as extra work and material.

If the account annexed was not specific enough to apprise the defendant of the nature of the plaintiff's claim, the court below on demurrer would undoubtedly have ordered the plaintiff to have filed a bill of particulars before going to a hearing. The defendant, however, went to a hearing on the bill as originally framed, and although the presiding Justice out of abundant caution allowed the amendments, which were in effect no more than specifications of what already appeared in the account annexed, they were not essential to the consideration of the evidence offered by the plaintiff, and hence their allowance was not prejudicial to the defendant.

Upon the merits of the defendant's main contention, as well as under the practice in equity in this State, the entry must be:

*Appeal dismissed.*
*Decree of court below affirmed*
*with additional costs.*