MICHAEL ROMANAUSKY *vs.* ANNIE SKUTULAS.

Suffolk. November 29, 30, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Equity Pleading and Practice*, Appeal, Exceptions.

A judge who heard a suit in equity filed findings of fact without a request previously having been made under G. L. c. 214, § 23, and thereafter, upon a request being made under that statute, filed a statement that he reported the material facts to be as stated in the findings previously

filed by him. *Held,* that the findings originally filed and their affirmation after a request was made under the statute showed that the judge on reflection regarded the findings as complete.

An appeal by the defendant in a suit in equity from the denial of a motion to dismiss an appeal by the plaintiff from a final decree dismissing the bill is an appeal from an order interlocutory, is not final in nature, cannot be heard in this court until the appeal from the final decree is entered, and does not enlarge the rights of the plaintiff in any particular nor diminish his obligation to proceed to perfect his own appeal from the final decree.

No exception lies in a suit in equity to a report by the trial judge under G. L. c. 214, § 23, of material facts found by him where there is no report of the evidence.

A decree dismissing an appeal from a final decree in a suit in equity is proper if it appears that the evidence had been taken by a stenographer under G. L. c. 214, § 24; Equity Rule 35 (1905); that the appeal was not entered in this court for nearly ten months after it was taken; and that during several months of that period the appellant had been attempting to make an agreement with the appellee for an abbreviation of the record.

An appeal from a decree in the Superior Court under the provisions of G. L. c. 214, § 19, dismissing a suit in equity for failure to prosecute an appeal from a final decree dismissing the bill, properly is dismissed if it is not entered in this court for over six months after it is filed.

Neither this court nor the Superior Court has power to order abridged the report of evidence taken, at the hearing of a suit in equity, under the provisions of G. L. c. 214, § 24; Equity Rule 35 (1905), for the purpose of an appeal to this court.

The papers and records constituting the record on appeal from a final decree in a suit in equity must be prepared and printed on the responsibility of the clerk of courts, and the expense thereof must be paid by the appealing party.

A petition to establish exceptions as to matters relating to the filing of a final decree in a suit in equity in the Superior Court was dismissed where it appeared that the bill of exceptions was filed more than eleven months after the entry of the final decree, that it never had been presented to the trial judge for allowance or disallowance, and that the exceptions had been dismissed under Common Law Rule 53 of the Superior Court (1923).

BILL IN EQUITY, filed in the Superior Court on November 3, 1924, to have set aside a deed of real estate by the plaintiff to the defendant and for an accounting.

In the Superior Court, the suit was heard by *McLaughlin,* J., who made findings of fact and ordered the bill dismissed, and a decree was entered accordingly. Further proceedings and appeals by the plaintiff are described in the opinion.

*C. W. Lavers,* for the plaintiff.

*F. W. Mansfield,* for the defendant.

RUGG, C.J. This suit in equity was brought to set aside a deed alleged to have been procured from the plaintiff by the fraud of the defendant. The case was tried before a judge of the Superior Court, who in one document which was filed on January 2, 1925, made findings of fact, covering nearly three printed pages of the record, and an order that the bill be dismissed. Final decree dismissing the bill was entered on January 22, 1925. The plaintiff filed on January 23, 1925, a request that the judge report to this court the material facts. This was rightly construed by the Superior Court as a request under G. L. c. 214, § 23. This request was not called to the attention of the judge until April 11, 1925, when he filed a statement that he reported the material facts to be as stated in the findings of fact filed by him on January 2, 1925.

The voluntary filing of findings of fact by the trial judge without request had the same effect as findings of fact filed pursuant to G. L. c. 214, § 23. *Cohen* v. *Nagle,* 190 Mass. 4, 5. *Boston Safe Deposit & Trust Co.* v. *Wickham,* 254 Mass. 471. The affirmation of these findings in response to specific request under the statute showed that on reflection they were regarded as complete. The plaintiff on February 9, 1925, appealed from the final decree. The case not having been entered in the full court, the defendant on April 3, 1925, filed a motion to dismiss the appeal for want of prosecution. G. L. c. 214, § 19. This motion was denied by an order made on April 13, 1925, on the ground that the motion to report material facts had not been passed upon until April 11, 1925, but it was ordered that the plaintiff's appeal be forthwith entered.

From the denial of this motion the defendant appealed. Such appeal was from an order interlocutory and not final in nature and could not be heard by the full court until the appeal from the final decree was entered. *Hutchins* v. *Nickerson,* 212 Mass. 118, 120. *Churchill* v. *Churchill,* 239 Mass. 443, 445. *McCracken's Case,* 251 Mass. 347, 350. See *Weil* v. *Boston Elevated Railway,* 216 Mass. 545. The

filing of such appeal by the defendant did not enlarge in any particular the rights of the plaintiff nor diminish his obligations to proceed to perfect his own appeal from the final decree. There is nothing whatever to the contrary in *Humphrey's Case*, 226 Mass. 143.

On April 16, 1925, the plaintiff filed what is entitled "Plaintiff's Exceptions to Report of Material Facts under G. L. c. 214, § 23." If these be treated on their merits, there is no merit in any of them. The report under the statute is "in the nature of an extension of the record in the form of a statement in writing of that which was in the mind of the judge when his decision was made." *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300.

Efforts to abbreviate the evidence were made between counsel, but no abbreviated report was printed and on December 7, 1925, the plaintiff's appeal was dismissed by the Superior Court for want of prosecution. From an order to that effect the plaintiff appealed on December 26, 1925. His appeal was not entered in this court until July 6, 1926. It is manifest that dismissal of the appeal on December 7, 1925, was right. It is equally manifest that appeal from the denial of that motion was not entered seasonably in this court. In neither instance was there compliance with the mandate of G. L. c. 214, § 19, that such appeal be entered "forthwith." *Bentley* v. *Ward*, 116 Mass. 333. *Griffin* v. *Griffin*, 222 Mass. 218. *Robinson* v. *Donaldson*, 251 Mass. 334. *Mazzuchelli* v. *Seretto*, 254 Mass. 159. *Crawford* v. *Roloson*, 254 Mass. 163.

The plaintiff rightly and frankly concedes that under the governing statutes and decisions the case has not been entered "forthwith" in this court.

The plaintiff however asks us in substance to find some way for varying established equity practice to the end that the expense may be avoided of printing the whole evidence when the complaining party thinks that it need not be printed. That cannot be done. It is provided by G. L. c. 214, § 24, that where oral testimony is reported to the full court, the case shall be "heard on appeal upon the same evidence as on the original hearing." This is according to

general and settled equity practice. *Dorr* v. *Tremont National Bank*, 128 Mass. 349, 357. *Pigeon's Case*, 216 Mass. 51, 55.

It appears from affidavits that counsel for respective parties coöperated for several months to prepare an abbreviation of the complete transcript of the evidence and that finally, when agreement was reached, the plaintiff refused to print even the abbreviated form because of the expense. Whatever else may be said about the practice of presenting cases in equity on appeal from final decree upon abridgement of evidence agreed upon by the parties and approved by the judge (*Gerrity* v. *Wareham Savings Bank*, 202 Mass. 214, 219, *Robinson* v. *Donaldson, supra*, 336) it is certain that there is no power in the court to order such abridgement and presentation. It is the general equity practice and procedure established by statute and by practice that the entire evidence must be reported on appeal when it is desired to have this court revise a finding made by a trial judge upon oral testimony. That is the only way in which this court can be put in the position of the trial judge and enabled to review his conclusions as to findings of fact. As has been pointed out many times, it is the essence of equity practice that this court examines all the evidence and reaches its own conclusions, giving to the findings of the judge the weight to which they are entitled. *Colbert* v. *Moore*, 185 Mass. 227. *Lindsey* v. *Bird*, 193 Mass. 200. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 144. Manifestly this course cannot be pursued unless all the evidence is reported. It is plain that one who engages in adversary litigation must provide money to pay the necessary disbursements if he desires to secure a revision by this court of the decision of the trial judge.

The plaintiff in the case at bar filed twenty-one requests for findings of fact apparently covering every phase of his contentions. He also filed a paper entitled "Requests for Rulings." These were requests for findings of fact. No one of them was a request for a ruling of law. With respect to all these requests, the judge stated in his findings of fact, "The findings which I have made seem to me fully sufficient to include all the material issues in the case." There is

nothing on the present record which appeals to the conscience of an appellate court in equity. The full and complete findings of fact show a painstaking consideration and weighing of conflicting evidence by the trial judge. Taken in conjunction with denials of requests for findings, they seem to cut the ground wholly from under such a case as that alleged in this bill.

On November 20, 1925, the plaintiff filed a motion that report of evidence be certified to this court. This motion is not entirely clear. It contains no allegation that the clerk had refused to print or the commissioner to make transcript of the evidence upon proper payment. If it was an effort to have that done without expense to the plaintiff, manifestly it could not be done. All such expenses must be paid by the appealing party. All papers and records must be prepared and printed on the responsibility of the clerk of courts. *Littlejohn* v. *Littlejohn*, 236 Mass. 326. Moreover the time had then expired under the statute for entry of the case in this court. For several reasons, therefore, there was no error in the denial of this motion.

There was entered in this court on May 18, 1926, a petition to establish the plaintiff's exceptions in the same case. It appears from the petition that it relates to the entry of the final decree on January 22, 1925. The bill of exceptions was filed on December 28, 1925, a period of more than eleven months after the entry of final decree. This plainly was not in accordance with G. L. c. 231, § 113, whereby it is required that exceptions must be filed within twenty days after notice of decision unless further time is allowed by the court. The exceptions therefore were of no effect. *Thorndike, petitioner*, 254 Mass. 256, 260.

The petition shows that the exceptions never were presented to the judge of the Superior Court for allowance or disallowance by him. *Corey, petitioner*, 253 Mass. 498. It appears also that the exceptions were dismissed under Common Law Rule 53 of the Superior Court (1923). We do not pause to consider how far all the exceptions herein set out might have been available on appeal in equity from the final decree nor how far that remedy may exclude the right

to file exceptions. In any event it is manifest that this petition cannot be entertained.

> *Order of Superior Court of December 7, 1925,*
> *dismissing appeal affirmed with costs.*
> *Appeal entered in this court dismissed.*
> *Petition to establish exceptions dismissed.*