(No. 6332.   June 27, 1936.)

LEW AUMOCK and NEVA AUMOCK, Husband and Wife, Appellants, v. BANK OF SPIRIT LAKE, a Corporation, E. L. WALLACE, J. I. McKAHAN, HENRY SCHURCH, FRED N. KILBORN, EDWARD BERG and EZRA R. WHITLA, and ISABEL KILBORN, as Executrix of the Estate of FRED N. KILBORN, Respondents.

[58 Pac. (2d) 1247.]

Ben F. Tweedy and P. E. Stookey, for Appellants.

Whitla & Knudson, for Respondents, and Hawkins & Hawkins, for Isabel Kilborn as Executrix.

HOLDEN, J.—August 31, 1935, defendants and respondents moved to dismiss this suit upon the ground of lack of prosecution. October 24, 1935, the motion · was heard. October 26, 1935, the following order was made and final judgment entered:

"IT IS THEREFORE ORDERED that the motion. to dismiss this action be, and the same hereby is sustained and it is ordered that this cause be, and the same hereby is dis-

missed and that the defendants do have and recover of and from the plaintiff their costs and disbursements herein expended taxed at the sum of $5.00.''

December 30, 1935, plaintiffs appealed. February 24, 1936, defendants and respondents moved to dismiss the appeal upon the ground, among others, ''that there is no proper or sufficient or any certificate as to the papers used upon the hearing of the motion (to dismiss the suit) in the court below.''

The pertinent portion of the ''Clerk's Certificate to Transcript'' follows:

''I, Jas. A. Foster, Clerk of the District Court of the Eighth Judicial District of the State of Idaho, in and for the County of Kootenai, do hereby certify the foregoing to be a full, true and correct copy of the original Complaint; Demurrer of Defendants Bank of Spirit Lake, E. L. Wallace, J. I. McKahan, Henry Schurch, Fred N. Kilborn, Edward Berg and Ezra R. Whitla; Order Sustaining Demurrer; Amended complaint for an accounting; Affidavit of Lew Aumock; Motion and Affidavit of Ezra R. Whitla; Order Dismissing Action; Judgment Roll; Notice of Appeal; Appeal Bond; Praecipe, and Clerk's Certificate to Transcript in the case of Lew Aumock and Neva Aumock, husband and wife, Plaintiffs vs. Bank of Spirit Lake, a corporation, E. L. Wallace; J. I. McKahan; Henry Schurch; Fred N. Kilborn; Edward Berg and Ezra R. Whitla, Defendants pending in the District Court of the Eighth Judicial District of the State of Idaho, in and for the County of Kootenai.''

Section 11–213, I. C. A., provides that: ''On appeal . . . . from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, . . . . order appealed from, and of papers used on the hearing in the court below.''

And Rule 23 of this court requires that ''the transcript or record on appeal shall show that there is attached to or made a part of it all orders made by the judge disposing of a motion for a new trial, or any other contested motion, . . . . to wit: 'It is hereby certified that the following

papers, to wit: —————— all of which are of the records or files in this case, were submitted to the judge and by him used on the hearing of the motion . . . . , and constitute all the records, papers and files used or considered by said judge on such hearing.' ''

The clerk's certificate does not meet the requirements of either the statute or Rule 23. It merely certifies the transcript to be a full, true and correct copy of certain papers therein mentioned. This court has held repeatedly that if the transcript does not contain a certificate showing what papers were submitted to the judge and by him used on the hearing of a contested motion, the order appealed from cannot be reviewed. (*Lyons v. Lambrix,* 33 Ida. 99, 190 Pac. 356; *Bumpas v. Moore,* 31 Ida. 668, 670, 175 Pac. 339; *Walsh v. Niess,* 30 Ida. 325, 164 Pac. 528; *Blandy v. Modern Box Mfg. Co.,* 40 Ida. 356, 362, 232 Pac. 1095; *Douglas v. Kenney,* 40 Ida. 412, 419, 233 Pac. 874; *Leland v. Twin Falls Canal Co.,* 51 Ida. 204, 207, 3 Pac. (2d) 1105.)

The appeal is dismissed. Costs awarded to respondents.

Givens, C. J., and Budge and Morgan, JJ., concur.

Ailshie, J., did not sit at the hearing nor participate in the opinion.

Petition for rehearing denied.