No. 15,850.

HAMMAKER ET AL. *v.* BEHM.
(182 P. [2d] 141)

Decided June 9, 1947.

Mr. A. D. QUAINTANCE, for plaintiffs in error.

Mr. CARL CLINE, for defendant in error.

*In Department.*

MR. JUSTICE LUXFORD delivered the opinion of the court.

THIS is an action to recover on injunction security. To review a judgment for plaintiff, a writ of error is prose-

cuted. We will refer to plaintiffs in error as the churches and to defendant in error as defendant.

It appears from the record that the churches on the 29th day of October, 1944, filed in the district court in Jefferson county their petition for an injunction, and on the same day applied for, and were granted, a temporary restraining order, enjoining defendant and others from circulating and distributing a certain anonymous political pamphlet published by defendant. The pamphlet was intended to affect the November 1944 election by imputing authorship of certain statements therein contained to the churches. An emergency cash bond in the sum of two hundred dollars was given, and the court set a date for hearing the application for temporary injunction. Defendant and his codefendants, interposed a motion to dismiss the petition for injunction and to quash the temporary restraining order. November 3, 1944, the court after hearing, granted the motion to dismiss and the motion to quash as to two of the churches, but denied both motions as to the third. At that hearing, the court ordered that the temporary restraining order remain in force and effect until further action might be taken in the case. Meanwhile, defendant had the pamphlet republished, deleting therefrom the objectionable parts, which pamphlet was circulated in the first judicial district prior to election day. This republication of the pamphlet cost defendant the sum of two hundred three and 58/100 dollars. April 18, 1945, upon motion of the churches, the injunction suit was dismissed with prejudice. In the trial court defendant recovered judgment on the injunction security for the amount of money expended by him in republishing the pamphlet. It is alleged that the court erred in entering judgment for defendant and against the churches on the injunction bond. We dispose of the case on this assignment.

Rule 65 C (c) R.C.P. Colo., relating to security in injunction proceedings, provides that the bond shall be "for the payment of such costs and damages as may be

incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

██ ██ The theory of defendant is that the dismissal of the injunction suit at the instance of the churches is an admission that an emergency did not exist. There are cases supporting this theory, but we held in a similar case, *Sweet et al. v. Ford,* 62 Colo. 175, 161 Pac. 144, that, "To this rule, however, there is a well recognized exception which prevents its application in cases where the voluntary dismissal is for matters done or arising subsequent to the issue of the injunction, where the original issuance was proper." When defendant republished his publication with the objectionable parts eliminated, the purpose of the injunction had been fulfilled and there was no reason for continuing the suit. Dismissal was brought about by matters arising subsequent to the issuance of the injunction. In the Sweet case, we also said: "But we do not rest the case on this exception to a general rule. The statute plainly intends that the sum named in the bond shall be a penalty inflicted upon the obligors for aiding in securing a restraining order, *ex parte,* where there was no ground for its issue without notice. As might naturally be expected, this penalty is not to be imposed on a mere inference that an emergency did not exist, but only on the court's *adjudging* that it did not exist. By the terms of the bond the obligors became liable only in case it should 'be determined and adjudged by the court, upon the hearing of. said application, that the emergency did not exist,' etc.

"It is plain that the dismissal of the suit did not meet the conditions named in the bond as the ground of liability, nor the terms of the statute which prescribes the penalty and the grounds of its imposition."

The judgment is reversed.

Mr. Chief Justice Burke and Mr. Justice Jackson concur.