314 P.2d 681

Albert M. NASH and Mary A. Nash, husband and wife, Plaintiffs-appellants,

v.

HOPE SILVER–LEAD MINES, Inc., Defendant-respondent.

No. 8495.

Supreme Court of Idaho.

June 19, 1957.

Rehearing Denied Sept. 4, 1957.

138

H. J. Hull & Sons, Wallace, for appellants.

Whitla & Knudson, Coeur d'Alene, Hardy C. Lyons, Greene & Hunt, Sandpoint, for respondent.

KEETON, Chief Justice.

Appellants herein will be referred to as plaintiffs, and respondent as defendant.

Plaintiff, Albert M. Nash, was the manager of defendant Company from its creation in 1935, and after the second year (1937) its president and general manager, serving in such capacity until November 2, 1949. He was a director of the Company at the time assessment No. 27, hereinafter referred to, was levied against the outstanding stock of defendant corporation. Plaintiff, Mary A. Nash, was secretary, treasurer and bookkeeper of defendant Company from October, 1935, until November 2, 1949.

On November 28, 1950, the directors of defendant corporation levied an assessment designated No. 27, of one cent per share upon its outstanding stock, of which plaintiffs owned 253,571 shares. The assessment so levied against plaintiffs' stock was not paid, and their stock was advertised for sale. Plaintiffs brought this action to enjoin the sale, claiming that the directors' meeting at which the levy was made did not conform to the bylaws of the corporation and for other reasons alleged the levy was void. On a showing made, the trial judge issued a restraining order prohibiting the sale until further orders of the court.

In a second cause of action plaintiffs alleged that the corporation is indebted to

140

plaintiffs for a balance on an account stated in the sum of $3,608.49; in a third cause of action claimed an indebtedness from defendant to plaintiffs of $1,005 for rent for the use of an office, equipment and furniture alleged to have been furnished defendant by plaintiffs. In the prayer of the complaint plaintiffs prayed that if the assessment against their stock is found to be valid that the amount alleged due plaintiffs be offset against the assessment owed and judgment be entered for plaintiffs for any balance found to be due.

Defendant's answer denies the material allegations of the complaint, sets up an affimative defense, counterclaim and cross-complaint, asks for an accounting from plaintiffs while they were officers of defendant Company alleging that plaintiffs were indebted to defendant for various breaches of trust and for moneys received and not accounted for, for the period of time beginning October 23, 1935, and ending November 2, 1949, while plaintiffs occupied fiduciary positions with defendant.

Subsequent to the commencement of the action other assessments against outstanding stock were levied by the directors of the corporation and plaintiffs having failed to pay assessment No. 30, their stock was on the 27th day of June, 1952, sold to pay the defaulted assessment.

The court decreed that the first cause of action, due to the subsequent sale of the stock for failure to pay assessment No. 30 after the levy of assessment No. 27, had become moot and on defendant's motion dismissed the first cause of action.

The court found that there was no account stated between plaintiffs and defendant as alleged in their second cause of action; that defendant was not indebted to plaintiffs on either the second or third cause of action in any sum or amount; found against defendant and cross-complainant on its cross-complaint; further, that the cause of action alleged by defendant and cross-complainant in its cross-complaint is barred by limitation, laches and acquiescence, and dismissed the action. From the judgment so entered plaintiffs appealed.

In the praecipe plaintiffs asked for a transcript of various papers including the complaint and amendments thereto, and a part only of defendant's answer, and in the application for reporter's transcript for certain limited portions of the testimony.

Pursuant to the praecipe and appplication for portions of the reporter's transcript of evidence, and augmentation of the record, we have been furnished the testimony of the witnesses Albert M. Nash and Mary A. Nash. Much of the testimony of these witnesses was directed to prove the invalidity of assessment No. 27, which is not here in issue, and the balance in support of plaintiff's second and third causes of action. None of the testimony of other witnesses appears in the transcript.

The trial court's findings show that the cause took twenty-eight days to try and that voluminous oral and documentary evidence was offered and admitted in behalf of the parties.

Plaintiffs do not claim that all the testimony or other evidence offered and received has been transcribed and certified to this Court.

During the course of the action plaintiffs furnished bonds for a restraining order to prohibit the sale of plaintiffs' stock for assessments No. 27, No. 28 and No. 29.

The trial judge in his determination of the merits of the cause first taxed the costs against plaintiffs in the sum of $1,032.50 and later on motion of plaintiffs retaxed the costs allowed defendant in the sum of $11.

While the proceeding on which the order retaxing costs was based is not contained in the transcript, the recitals of the district judge show that the motion to retax the costs was timely filed; that authorities were presented by plaintiffs in support of the motion, and the costs thereafter retaxed.

In assignments of error and argument plaintiffs do not challenge the order dismissing their first cause of action and limit the appeal to a determination of the following:

First, the action of the court in dismissing plaintiffs' second and third causes of action.

Second, the action of the court in taxing costs against plaintiffs.

Third, failure of the court to exonerate the bonds posted by plaintiffs given by them incidental to the first cause of action, and argued that this Court should modify the findings of the trial court and the judgment and order judgment entered for plaintiffs for the amounts sought to be recovered in the second and third causes of action; deny defendant's costs and exonerate the bonds given by plaintiffs for the securing of the restraining order incidental to their first cause of action.

Under the rules of procedure there are two methods of furnishing a record to the Supreme Court to review a decision of the trial court.

Section 13–212, I.C. provides:

"On an appeal from a final judgment the appellant must furnish the court with copy of the notice of appeal, of the judgment roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in section 10–509, upon which the appellant relies, and of all papers, records and files designated in the praecipe filed by appellant with the clerk of the district court."

Section 10–509, I.C. provides in part:

"Any party desiring to procure a record of the evidence and proceedings made during the trial of an action or special proceeding in the district court,

for use on appeal to the Supreme Court may, in lieu of preparing, serving and procuring the settlement of a bill of exceptions as in this chapter provided, procure a transcript consisting of an original typewritten copy and four carbon copies thereof from the official court reporter of the testimony and proceedings, including the instructions given or refused on the trial, or such parts thereof as may be necessary, in the following manner: * * *"

In the situation before us the reporter was directed to and did transcribe and certify only a small part of the evidence and the clerk only certain portions of the defendant's answer, cross-complaint and affirmative defense. There is no bill of exceptions settled by the trial judge as provided for in Sec. 10–505, I.C.

We therefore have before us no bill of exceptions and no reporter's transcript of all the evidence, and on the part of the evidence certified plaintiffs ask this Court to make findings and decree in conflict with findings and decree of the district judge.

Where the findings of the trial judge are challenged, in the absence of a bill of exceptions, the practice and statutes in this state require that the transcript affimatively show all the evidence. The transcript not containing all the testimony and other evidence, we must necessarily presume that the evidence justifies the decision and that the findings are supported by substantial evidence. Hazard v. Cole, 1 Idaho 276; Reid v. Keator, 55 Idaho 172, 39 P.2d 926; Anderson v. Walker Co., 38 Idaho 751, 225 P. 144; Aumock v. Bank of Spirit Lake, 56 Idaho 784, 58 P.2d 1247; Remmel v. Collier, 93 Ark. 394, 125 S.W. 422, 130 S.W. 167; Bradley Lbr. Co. v. Hamilton, 109 Ark. 1, 159 S.W. 35; Romanausky v. Skutulas, 258 Mass. 190, 154 N.E. 856; Columbian Insecticide Co. of Boston v. Driscoll, 271 Mass, 74, 170 N.E. 804; Di Pietro v. Modes, 124 Me. 132, 126 A. 575; 4 C.J.S. Appeal and Error § 704, p. 1175.

In Romanausky v. Skutulas, supra [258 Mass. 190, 154 N.E. 858], the Court said:

"It is the general equity practice and procedure established by statute and by practice that the entire evidence must be reported on appeal when it is desired to have this court revise a finding made by a trial judge upon oral testimony. That is the only way in which this court can be put in the position of the trial judge and enabled to review his conclusions as to findings of fact. As has been pointed out many times, it is the essence of equity practice that this court examines all the evidence and reaches it own conclusions, giving to the findings of the judge the weight to which they are entitled." Citing cases.

In Hazard v. Cole, supra, this Court announced the rule that where the contrary was not shown, this Court is bound to pre-

sume that the testimony was sufficient to support the findings made.

In Reid v. Keator, supra, this Court said:

"Reviewing court must presume that evidence is sufficient to justify findings, in absence of transcript of evidence or bill of exceptions containing evidence."

Plaintiffs cite the case of Aker v. Aker, 52 Idaho 50, 11 P.2d 372, to sustain the contention that only parts of the evidence need be certified to the Supreme Court. In that case there were two separate trials. The party appealing had certified to this Court all the evidence pertaining to the rights she claimed. The court held that portions of the evidence not pertaining to the issues and heard on a separate phase of the case need not be transcribed. Such decision is not in conflict with the views herein expressed.

The rule as to what papers must be furnished the Supreme Court to review a judgment not having been complied with in this case, this Court cannot here decide a question of fact in the absence of a showing as to what the trial court had before it in determining the issues.

Plaintiff having failed to recover, the order taxing defendant's costs of $11 cannot be here disturbed; nor do we think the question of exonerating plaintiffs' bond given to secure the restraining order is before us for review. Such question was not submitted to or decided by the trial judge.

The case cited by plaintiffs to sustain the contention that the bond should be exonerated, Hammaker v. Behm, 116 Colo. 523, 182 P.2d 141, was a suit brought on a bond given to secure an injunction. Subsequent to the bringing of the suit for reasons occurring subsequent to the issuing of the injunction, the suit was voluntarily dismissed. The court held there was no liability on the bond. The question of liability, if any, before it can be reviewed must necessarily be first determined in the district court. On the issue of liability, if any, on the bond given to secure the restraining order, defendant has not had an opportunity to be heard.

Defendant complains of the order retaxing the costs and contends that the original judgment taxing the costs could not be subsequently modified on a motion to retax the costs.

We have examined the record, and from the recitals made by the trial judge find the retaxing of the costs regular. Defendant did not appeal from such order and hence is not in a position to complain. Such order retaxing the costs cannot be reviewed by this Court in the absence of an appeal therefrom. Judgment is affirmed. Costs to respondent.

PORTER, TAYLOR, SMITH and McQUADE, JJ., concur.