**Sherman Alexander HENDERSON,
Petitioner/Appellant,**

v.

**W.G. LUTCHE, et al,
Respondents/Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Sept. 13, 1996.

Permission to Appeal Denied by
Supreme Court Jan. 21, 1997.

Sherman Alexander Henderson, Memphis, Pro Se.

Charles W. Burson, Attorney General and Reporter, Patricia C. Kussmann, Assistant Attorney General, Civil Rights and Claims Division, Nashville, for respondents/appellees.

## OPINION

LEWIS, Judge.

This is an appeal as of right by petitioner/appellant, Sherman Alexander Henderson, from the judgment of the Chancery Court for Davidson County dismissing petitioner's complaint.

Petitioner is an inmate in the custody of the Department of Correction ("the Department"). On 8 January 1980, petitioner was convicted of first degree murder in Shelby County, Tennessee and was sentenced to life imprisonment. At the time of his conviction, the sentence credit laws provided that petitioner was ineligible to earn sentence reduction credits. Tenn.Code Ann. § 41–21–212 & –214 (repealed 1985 E.S.Tenn.Pub.Acts ch. 5 § 14). Petitioner's original parole date was calculated at thirty years and set for 15 September 2009.

In 1985, the General Assembly enacted Tennessee Code Annotated section 41–21–236(c). 1985 E.S.Tenn.Pub. Acts ch. 5 § 12. On 1 March 1986, petitioner signed a waiver so that he could earn prisoner sentence reduction credits in accordance with this section. Between 1 March 1986 and 10 November 1995, petitioner earned 1173 days of prisoner sentence reduction credits which moved his parole eligibility date forward to 27 November 2004.

On 29 August 1995, petitioner filed a petition seeking a declaratory judgment that the Department had incorrectly calculated his sentence reduction credits. Petitioner insisted that section 41–21–236 entitled him to reduction credit from the date of his sentencing in 1980. The Department's position is diametrically opposed to this contention. It insisted that petitioner is not entitled to sentence reduction credits prior to 1 March 1986, the effective date of the waiver signed by petitioner. The Department moved to dismiss petitioner's petition claiming it failed to state a claim upon which relief could be granted. The trial court found that the Department correctly calculated petitioner's sentence reduction credits and dismissed his petition.

After overcoming certain procedural errors, petitioner perfected an appeal to this court. Following our review of this record, we are of the opinion that the trial court properly found that the Department correctly calculated petitioner's sentence reduction credits and that the statute did not entitle him to retroactive sentence credits.

When petitioner was incarcerated, Tennessee Code Annotated sections 41–21–212 and 41–21–214 were in effect. Pursuant to these sections, petitioner was not eligible to earn credit against his parole eligibility date because he was convicted of a Class X felony and was serving a life sentence. In 1985, the General Assembly repealed these sections and enacted Tennessee Code Annotated section 41–21–236. 1985 E.S.Tenn.Pub.Acts ch. 5 §§ 12 & 14. This section allowed inmates convicted of Class X felonies to earn sentence reduction credits. Tennessee Code Annotated section 41–21–236(c)(3) provides:

Any person who committed a felony, including any Class X felony, prior to December 11, 1985 may become eligible for

the sentence reduction credits authorized by this section by **signing a written waiver waiving his right to serve his sentence under the law in effect at the time his crime was committed.** However, sentence reduction credits authorized by this section may be awarded only for conduct and/or performance from and **after the date a person becomes eligible** under this section.

Tenn.Code Ann. § 41–21–236(c)(3) (1990) (emphasis added).

■ It is petitioner's interpretation of the statute that it entitles him to earn credit against his parole eligibility date retroactively to the date of his incarceration. We respectfully disagree. Under the plain wording of the statute, an inmate may not earn credits until he becomes "eligible under this subsection." *Id.* Petitioner did not become eligible to earn credit until he signed a waiver and could not have become eligible for credit before the General Assembly enacted the section.

Despite petitioner's argument that the Department should apply the statute retrospectively, there is a presumption that courts are to apply statutes prospectively unless there is a specific statutory directive requiring courts to apply them retrospectively. Our supreme court has stated "[i]n the absence of legislative intent or a necessary inference that a statute is to have retroactive force, an act of the legislature is to be given prospective effect only by the courts." *Electric Power Bd. v. Woods,* 558 S.W.2d 821, 825 (Tenn. 1977). Courts must apply a statute prospectively in the absence of " 'the most clear and unequivocal expression' " to the contrary. *Henderson v. Ford,* 488 S.W.2d 720, 721 (Tenn.1972) (quoting *Jennings v. Jennings,* 165 Tenn. 295, 54 S.W.2d 961 (1932)). Tennessee Code Annotated section 41–21–236 is silent as to retroactive application and there is nothing in the statute from which we can infer that the General Assembly intended it apply retroactively. Petitioner has no right to an award of sentence reduction credits prior to signing the waiver in 1986.

■ Petitioner also argues that the Department's refusal to retroactively apply the sentence reduction statute violates the ex post facto clause of the United States Constitution. This argument is wholly without merit. The United States Constitution provides that "[n]o state shall ... pass any ... ex post facto Law...." U.S. Const. art. I, § 10, cl. 1. "An ex post facto law contains two critical elements. First, the law must apply to events occurring before its enactment; second, it must disadvantage the offender affected by it." *State v. Ricci,* 914 S.W.2d 475, 480 (Tenn.1996) (citations omitted). When petitioner was convicted, his parole eligibility date was calculated to be 15 September 2009. Once he signed the waiver, his eligibility date began moving forward. It has now moved forward by almost five years. The Department's refusal to further accelerate his parole eligibility date in no way disadvantages petitioner.

■ Petitioner also argues that the Department violated his right to due process. Tennessee Code Annotated section 41–21–236 does not create a protected liberty interest in receiving sentence reduction credits from the date of a prisoner's indictment. After reviewing its past decisions involving prisoner's due process rights, the United States Supreme Court stated:

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin v. Conner,* —— U.S. ——, ——, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418, 429–30 (1995) (citations omitted). While petitioner may argue that the Department's failure to award him credit from the date of his indictment violated his freedom from restraint, he can not argue that it inflicted significant hardship on him. To explain, prior to the enactment of Tennessee Code Annotated section 41–21–236, petitioner's ordinary prison life revolved around the fact that he was not

eligible for parole until 15 September 2009. After the enactment of the statute, petitioner's release date began moving forward. It is impossible to argue that this result created a significant hardship on petitioner. Petitioner can not claim that the Department violated his right to due process in the absence of a protected liberty interest.

The judgment of the trial court in affirming the action of the Department of Correction is affirmed with costs assessed to the petitioner/appellant, Sherman Alexander Henderson. The cause is remanded to the trial court for further necessary proceedings.

CANTRELL and KOCH, JJ., concur.