DAVID WILLIAMS,                    )
                                   )
        Petitioner/Appellant,      )          Appeal No.
                                   )          01-A-01-9801-CH-00010
v.                                 )
                                   )          Davidson Chancery
TENNESSEE DEPARTMENT OF   )          No. 97-2523-I
CORRECTION,                        )
                                   )
        Respondent/Appellee.       )

FILED

January 21, 1999

Cecil W. Crowson
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE

THE HONORABLE IRVIN H. KILCREASE, JR., CHANCELLOR

DAVID J. WILLIAMS, Pro Se
#093823 NECX  POB 5000
Mountain City, Tennessee  37683

JOHN KNOX WALKUP
Attorney General and Reporter

MICHAEL E. MOORE
Solicitor General

MICHAEL L. HAYNIE
Assistant Attorney General
Civil Rights and Claims Division
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, Tennessee  37243-0488
        ATTORNEYS FOR RESPONDENT/APPELLEE

AFFIRMED AND REMANDED

WILLIAM B. CAIN, JUDGE

# OPINION

Petitioner, David J. Williams, on July 29, 1997, filed in the Chancery Court of Davidson County, Tennessee, a petition for judicial review and/or declaratory judgment and/or common-law writ of certiorari.

Acting pro se he asserts that he is being held unconstitutionally and illegally by the defendant.

He contends that he is entitled to immediate release because his sentence structure is incorrect and illogical and further that he is entitled to immediate release because he should be re-sentenced under the Criminal Sentencing Reform Act of 1989, and because he is entitled to both retroactive and cumulative sentence credits. He further asserts that it is a violation of constitutional equal protection rights and constitutional freedom from cruel and unusual punishment for him to be treated differently from individuals sentenced under the Criminal Sentencing Reform Act of 1989.

Petitioner was convicted of aggravated rape on July 22, 1981, the rape having occurred on June 29, 1980 in Washington County. The defendant was also convicted of rape on February 12, 1981 with this offense having occurred in Carter County, Tennessee. The sentences ran consecutively. The aggravated rape conviction was for a Class X felony.

The learned chancellor addressed these issues by comprehensive memorandum which is adopted as the opinion of the court in part:

> The petitioner, *pro se*, is an inmate in the custody of the Tennessee Department of Correction at the Northeast Correctional Center in Mountain City, Tennessee. He has filed a petition in which he seeks a declaratory judgment: 1) that his sentence as imposed by the courts is erroneous; 2) that he is entitled to be sentenced under the Criminal Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101 *et seq.*; 3) that he is entitled to certain sentence credits which have been unlawfully withheld; and 4) that he is entitled to be released immediately. Alternatively, the petitioner seeks review of the decision of the Department of Correction to deny his request for a declaratory order under the common law writ of certiorari.
> The petitioner committed the offense of aggravated rape on June 29, 1980 and the offense of rape on February 12, 1981. On July 22,

1981, the petitioner was sentenced to life imprisonment for the Washington County Aggravated Rape conviction. This life sentence is consecutive to the petitioner's 20 year sentence for his Carter County Rape conviction. At the time of the petitioner's offense and at the time of his conviction and sentencing, Aggravated Rape was a Class X felony pursuant to Tenn. Code Ann. § 39-1-701 *et seq.* (repealed). On November 1, 1989, the Class X felony law under which the petitioner was sentenced was repealed and replaced by the Criminal Sentencing Reform Act of 1989. Tenn. Code Ann. § 40-35-101 *et seq.* The petitioner contends that under the 1989 Act, the maximum sentence he would have received is 35 years at 30%.

This matter is before the Court on motion of the respondent, by and through the office of the Tennessee Attorney General, to dismiss the petition pursuant to Rule 12.02 (6) of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

The petitioner filed with the Department of Correction a request for a declaratory order that his sentences were imposed erroneously; that he is entitled to have his Class X sentence reduced in accordance with the above language; that he is entitled to the sentence credits on the reduced sentence; and that he is entitled to be released immediately. The department denied the petitioner's request.

The petitioner first contends that his sentences were not properly imposed and that as a result he was incorrectly granted custodial parole from his 20-year sentence into his life sentence. He asserts that it was "logistically impossible" for him to serve the Washington County sentence consecutive to his Carter County sentence since the Washington County offense was first in time. The Tennessee Department of Correction is not responsible for the sentencing and parole of inmates. The trial court in which an individual is convicted is responsible for imposing judgment and sentence. Tenn. Code Ann. § 40-20-101 *et seq.* Only the Board of paroles has the authority to determine an inmate's parole status. Tenn. Code Ann. § 40-28-103.

The petitioner next contends that adjustment to his sentence is mandated by the criminal savings statute which was codified at Tenn. Code Ann. § 39-1-105 at the times of his offense, conviction and sentencing. Tenn. Code Ann. § 39-1-105 provided:

> Repealed or amended laws -- Application in prosecution for offense.-- Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by such statute or act as being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under such act or statute in effect at the time of the commission of the offense. In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.

The above provision was repealed in 1989 and reenacted as Tenn. Code Ann. § 39-11-112.

Tenn. Code Ann. § 39-1-105 did not apply to sentences which were already received when a subsequent act or amendment provided for a lesser penalty. In *State ex rel. Stewart v. McWherter,* 857 S.W.2d 875 (Tenn. Cr. App. 1992), the Court of Criminal Appeals noted: "By their terms, the former and present savings statutes relate to active *prosecutions*, not past cases for which sentences are being served." (emphasis in original). Furthermore, the language of the Criminal Sentencing Reform Act of 1989 is clear in that it applies only to those offenses for which a person committed or was tried and sentenced after November 1, 1989. Tenn. Code Ann. § 40-35-117. The statute does

not provide for a reduction in the petitioner's sentence. Therefore, the petitioner is not entitled to a declaratory judgment in this regard.

The petitioner's claim that the Departmentt withheld sentence credits to which he is lawfully entitled is likewise without merit. In his petition, the petitioner claims that he is "entitled to earn, and should have received the following sentence reduction credits *at the same time and retroactively* as a matter of law":

1. good and honor time under Tenn. Code Ann. §§ 41-21-212 and -214;

2. good conduct sentence credits under Tenn. Code Ann. § 41-21-229;

3. prisoner performance credits under Tenn. Code Ann. § 41-21-230; and

4. inmate incentive credits under Tenn. Code Ann. § 41-21-228.

However, when the petitioner was convicted he was not eligible to earn any kind of credits. Tenn. Code Ann. § 39-1-703 provided that Class X felonies were not subject to reduction for good, honor or incentive or other sentence credit of any sort. The sentence terminated only after service of the entire sentence, day for day.

In 1983, the law was amended to permit Class X felons to earn Prisoner Performance Sentence Credits to reduce the sentence expiration date, provided a waiver was signed by the inmate waiving his right to serve his sentence under the law in effect at the time his offense was committed. Ch. 400 Public Acts of 1983, § 3, 6-8. The petitioner does not assert that he signed such a waiver.

In 1985, Class X felons became eligible to earn Prison Sentence Reduction credits to reduce sentence expiration and release eligibility, provided a waiver is signed by the inmate. Tenn. Code Ann. § 41-21-236. The statute specifically provides that "sentence reduction credits authorized by this section may be awarded only for conduct and/or performance from and after the date a person becomes eligible under this section." Tenn. Code Ann. § 41-21-236(c)(3). The petitioner was not eligible to earn the § 41-21-236 sentence reduction credits until he signed a waiver in 1989. Furthermore, as a Class X felon, the petitioner is only eligible to earn the credits provided for in § 41-21-236. The petitioner is not entitled to retroactive application of sentence credits as he claims. *See Henderson v. Lutche*, 938 S.W.2d 428, 430. Nor is he entitled to cumulative credits.

The scope of review under the common law writ of certiorari covers only an inquiry into whether the board exceeded its jurisdiction or acted illegally, fraudulently, or arbitrarily. The manner in which a decision is reached is subject to review. The correctness of the decision is not. *Powell v. Parole Eligibility Review Board*, 879 S.W.2d 871 (Tenn. App. 1994).

In support of his petition for a writ of certiorari, the petitioner asserts that his right to equal protection under the Tennessee and United States Constitutions is violated because he is treated differently than those sentenced under the 1989 Act. The *Stewart* court also addressed this equal protection argument. The court held that the legislature may treat a particular class of persons differently so long as the classification has a reasonable relationship to a legitimate state interest. The petitioner forfeited his fundamental right to personal liberty when he committed the offenses for which he was convicted and sentenced, therefore, a lower level of scrutiny should apply in this case. However, the *Stewart* court held that even if strict scrutiny is applied, the result would not change because the purposes for distinguishing between the two groups (those sentenced prior to November 1, 1989 and those

sentenced after the Criminal [S]entencing Reform Act of 1989 became effective) satisfy a compelling state interest and the means used are suitably tailored to accomplish those purposes. The *Stewart* court stated:

> A primary purpose in the development and enactment of the 1989 Sentencing Act was to address the pressing issue of prison overcrowding through the creation of new offense and sentencing standards. By limiting the Act's application to persons who were not previously sentenced, the legislature devised a partial solution to prison overcrowding while avoiding the reopening of cases in which persons have been validly sentenced previously. Thus, the petitioner's right to equal protection under the law has not been violated by his continued incarceration under the original sentences. *Id.* at 877.
>
> In further support of his petition for a writ of certiorari, the petitioner contends that the Department's refusal to reduce his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment. The enabling legislation for the 1989 Act limited its application to persons sentenced after November 1, 1989, while specifically excluding its application to cases in which penalties were already incurred. This language does not support the petitioner's suggestion that the legislature must have considered the prior law to be too severe. Simply because "a penalty is reduced by new legislation does not mean the sentence under the old law was disproportionate." *State ex rel. William Jones v. McWherter*, 199 Tenn. Crim. App. LEXIS 875. This Court finds that the petitioner alleges no facts to indicate that the Department exceeded its jurisdiction or acted illegally. Therefore, a writ of certiorari is not appropriate on the facts asserted.

The position of the petitioner is essentially a re-argument of *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875 (Tenn.Crim.App.1992). *Stewart* is the law of Tennessee unless and until overturned either by the supreme court or the general assembly.

Petitioner has received all of the sentence credits to which he is lawfully entitled. None of the mathematical uncertainties evidenced in *Washington v. Dep't of Corrections*, No. 01-A-01-9506-CH-00276, 1997 WL 272468 (Tenn.Ct. App.May 23, 1997) and *Jones v. Reynolds*, No. 01-A-01-9510-CH-00484, 1997 WL 367661 (Tenn.Ct.App. July 2, 1997) are present in this case. Issue is simply raised as to which sentence credits petitioner is entitled and such has been adequately answered by the chancellor and is further answered in *Vernon Mauldin v. Tennessee Dep't of Corrections*, No. 01-A-01-9801-CH-00014 released by this court January 7, 1999.

Finally, Appellant claims that he was not fully informed of his rights pertaining to the signing of a waiver pursuant to Tennessee Code Annotated section 41-21-236(c)(3).  He claims that such failure to inform was responsible for his failure to execute this waiver until 1989.  An inmate convicted of a Class X felony is not entitled to begin earning sentence credits until the signing of such a waiver.  *Henderson v. Lutche*, 938 S.W.2d 428 (Tenn.Ct.App.1996).

This issue was not raised in the trial court and may not be considered on appeal.  *Irvin v. Binkley*,  577 S.W.2d 677, 679 (Tenn.Ct.App.1979).

The judgment of the trial court is in all respects affirmed with costs assessed against Appellant.  The case is remanded for collection of costs.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:


_____
BEN H. CANTRELL, PRES. JUDGE, M.S.


_____
PATRICIA J. COTTRELL, JUDGE