IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 29, 1999

## MCKINLEY BROWN v. TENNESSEE DEPT. OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 98-2964-CH–00401       Ellen Hobbs Lyle, Chancellor**

———————————————

**No. M1999-02519-COA-R3-CV - Filed February 23, 2001**

———————————————

This appeal involves a dispute between an inmate and the Department of Correction regarding the Department's calculation of the inmate's sentence reduction credits. The inmate claims that when the Class X Felony Act was repealed in 1989, prior sentence reduction credit schemes were revived, and he became retroactively eligible for those credits. The inmate appeals the dismissal of his complaint seeking declaratory relief and damages. We affirm the trial court's dismissal of his case.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

McKinley Brown, Pro Se, Pikeville, Tennessee, appellant.

Paul G. Summers, Michael E. Moore & Kimberly J. Dean, Nashville, Tennessee for the appellees, Tennessee Department of Correction and the Tennessee Attorney General.

## OPINION

In this appeal, McKinley Brown, a *pro se* inmate incarcerated at the Southeastern Tennessee State Regional Correctional Facility, challenges the Department of Correction's calculation of his sentence reduction credits. He does not claim an error in math, but instead asserts that various statutes entitle him to earn credits cumulatively or retroactively. The opportunity for an inmate to earn credits toward reducing his sentence derives exclusively from statute. Eligibility for such credits is determined solely from the statutes themselves. *Jones v. Reynolds*, No. 01A01-9510-CH-00484, 1997 WL 367661 at *3 (Tenn. Ct. App. July 2, 1997) (no Tenn. R. App. P. 11 application filed). Thus, our analysis of Mr. Brown's claims must begin with the relevant statutes.

When Mr. Brown was convicted of aggravated rape on November 12, 1981, he received a thirty (30) year sentence as a Class X felon. Because he was given 246 days of pretrial jail credit,

the effective date of his sentence was March 11, 1981. Since that time, the Tennessee statutes on sentence reduction credits have undergone much revision.

At the time of Mr. Brown's offense and sentencing, aggravated rape was a Class X felony. At that time, individuals convicted of such offenses were not entitled to any form of credits to reduce their sentences. Tenn. Code Ann. § 39-1-703(2) (Supp. 1980) [repealed]; *Tomlinson v. Tennessee Dep't of Correction*, No. 01A01-9804-CH-00204, 1999 WL 270383 at *3 (Tenn. Ct. App. May 5, 1999) (perm. app. denied Sept. 20, 1999).

This rule changed in 1983 for those convicted of Class X felonies. At that time, the General Assembly adopted Public Chapter 400, which became effective July 1, 1983. In pertinent part, Section 3 of Chapter 400 stated:

> Notwithstanding the provisions of this chapter to the contrary, a person convicted of a Class X felony shall be eligible to receive prisoner performance sentence credits as provided in Tenn. Code Ann. § 41-21-230 to reduce the expiration date of such person's sentence. The provisions of this subsection shall not affect the release classification eligibility date of Class X offenders.

Tenn. Code Ann. § 40-28-301(i) (Supp. 1983) [repealed]. Under the 1983 amendments, Class X felons could earn prisoner performance sentence credits affecting their sentence expiration dates, but not their parole eligibility dates, by participating in prison programs. Tenn. Code Ann. § 40-28-301(i) [repealed]; *Jordan v. Campbell*, No. M1999-00540-COA-R3-CV, 1999 WL 1015581 at *1 (Tenn. Ct. App. Nov. 10, 1999) (perm. app. denied May 15, 2000); *Hensley v. Dep't of Correction*, No. 01A01-9712-CH-00747, 1999 WL 141065 at *1 (Tenn. Ct. App. Mar. 17, 1999) (no Tenn. R. App. P. 11 application filed). Mr. Brown earned ten days of performance sentence credits under this 1983 revision.

In 1985, with a new legislative enactment, eligible inmates, including those sentenced as Class X felons, were entitled to earn sentence reduction credits affecting both their sentence expiration dates and their release eligibility dates, but only by signing a waiver of their right to earn credits under the prior law. Tenn. Code Ann. § 41-21-236(c)(3). The 1985 legislation provided:

> Any person who committed a felony, including any Class X felony, prior to December 11, 1985 may become eligible for the sentence reduction credits authorized by this section by signing a written waiver waiving the right to serve the sentence under the law in effect at the time the crime was committed. However, sentence reduction credits authorized by this section may be awarded only for conduct and/or performance from and after the date a person becomes eligible under this subsection.

Tenn. Code Ann. § 41-21-236(c)(3) (1997). Under these new provisions, the Department was authorized to continue the previously enacted sentence credit system on behalf of inmates who chose

not to sign the waiver. Tenn. Code Ann. § 41-21-236(f) (Supp. 1985) (now codified in subsection (g)). *Hensley v. Dep't of Correction*, 1999 WL 141065 at *1. Mr. Brown signed the waiver on March 1, 1986. He has since earned credits and does not in this action dispute the Department's calculation of those credits.

As part of this 1985 enactment the legislature repealed those statutes creating prior systems for prisoner credits. Specifically included in this repeal were those provisions previously codified at Tenn. Code Ann. §§ 41-21-212, 214, 228, 229, and 230. 1985 Tenn. Pub. Acts ch. 5 §§ 12 and 14. While the Department was authorized to continue to implement the prior systems for those prisoners who chose to be so treated, the old system was not to be applied prospectively to persons sentenced in the future. The credits authorized by these repealed statutes had not been available to Mr. Brown prior to their repeal because of his status as a Class X offender.

In 1989, Tenn. Code Ann. § 39-1-701 et seq. (the Class X Felony Act) was repealed and replaced by the Sentencing Reform Act of 1989, Tenn. Code Ann. § 40-35-101, et seq. *Butler v. Tennessee Dep't of Correction*, No. 01A01-9804-CH-00172, 1999 WL 129858 at *1 (Tenn. Ct. App. Mar. 12, 1999) (no Tenn. R. App. P. 11 application filed). It is this legislative action upon which Mr. Brown bases his claim for relief. He contends that the 1989 repeal of the Class X Felony Act automatically revived the sentence reduction schemes in effect prior to its enactment, including Tenn. Code Ann. §§ 41-332 (later 41-21-212) and 41-334 (later 41-21-214.) He also claims that the repeal made him eligible retroactively for the credits created by the "revived" statutes, even though he was ineligible for them at the time they existed.

Mr. Brown's theory that the repeal of the Class X Felony Act made him eligible for "honor time" and good conduct credits under "revived" Tenn. Code Ann. §§ 41-332 (subsequently codified as Tenn. Code Ann. § 41-21-212) and 41-21-229 indicates a misconception of the law.[1] It has long been the general rule that "a statute purporting to cover an entire subject repeals all former statutes upon the same subject, either with or without a repealing clause, and notwithstanding it may omit material provision of the earlier statutes." *Lellyett v. Brooks*, 62 S.W. 596, 603 (Tenn. Ct. Ch. App. 1901). Further, "[w]hen a statue is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled." *Zickler v. Union Bank & Trust Co.*, 104 Tenn. 277, 57 S.W. 341, 343 (1900). The primary exception to this rule is when a statute designed to supercede or amend another law is found to be constitutionally infirm and no other statutory provisions address the subject. Under those circumstances, the previous law is revived and remains in full force. *State v. Dixon*, 530 S.W.2d 73, 74 (Tenn. 1975); *McMinn County Bd. of Educ. v. Anderson*, 200 Tenn. 333, 336, 292 S.W.2d 198, 199 (1956). Here, however, the previous statues on sentence reduction credits, which continuously governed that area of the law, were never found to be unconstitutional, a fact which is fatal to Mr. Brown's argument. Therefore, the earlier sentence credits statute were not revived.

---

[1]For an explanation of the various types of sentence credits, see *Jones v. Reynolds*, 1997 WL 367661 at *3-4.

As the second part of his argument, Mr. Brown asserts that the repeal of Class X Felony Act made him retroactively eligible for those credits that were available to others from his sentencing until he signed his waiver.

Mr. Brown contends that *Jones v. Reynolds* entitles prisoners to "honor time" credits and good conduct credits under Tenn. Code Ann. §§ 41-21-212, 41-21-229 and 41-21-230 "across-the-board" including Class X felons who were statutorily prohibited from earning such credits. *Jones v. Reynolds*, 1997 WL 367661 at *2-3. He relies on the following excerpt from *Jones v. Reynolds*: "The General Assembly envisioned that the new good conduct sentence credit program [embodied in Tenn. Code Ann. §§ 41-21-229 and 41-21-231] would apply across-the-board to all prisoners and thus did not provide a waiver or opt-in system to prisoners who committed crimes prior to July 1, 1981." *Id.* at *3.

This language has been relied upon by other prisoners seeking cumulative sentence reduction credits. This court responded to such an argument in *Northcott v. Dep't of Correction*, No. M1999-01223-COA-R3-CV, 1999 WL 1072572 (Tenn. Ct. App. Nov. 30, 1999) (perm. app. denied Oct. 9, 2000) as follows:

> We believe Northcott is reading the above-quoted italicized statement out of context. In saying that the new good conduct sentence credit program embodied in T.C.A. § 41-21-229 and -231 was "envisioned" by the General Assembly to "apply across-the-board to all prisoners," the Court was merely explaining why there was no need to have a specific opt-in provision to make these statutory provisions applicable to prisoners who were sentenced prior to the effective date of the new good conduct credit program.

*Northcott*, 1999 WL 1072572 at *4.

This same reasoning applies to Mr. Brown's arguments. *Jones* cannot be read to imply that Class X felons were eligible for the credits during the time they were specifically excluded from credits or limited to specific type of credits.[2]

As a Class X felon, Mr. Brown was not eligible for the sentence reduction credits established in any of the statutes he cites except Tenn. Code Ann. § 41-21-230, under which he received ten credits and remained eligible until he signed the waiver in 1986, and § 41-21-236, under which he has since been earing credits. *See Tomlinson*, 1999 WL 270383 at *4. From the point when Mr. Brown opted to cease accumulating credits under § 41-21-230 by signing the waiver, he was eligible

---

[2] We further observe that "Tenn. Code Ann. § 41-21-229 (1982), by its own terms, does 'not apply to sentences imposed upon Class X offenders.'" *Mauldin v. Tennessee Dep't of Correction*, No. 01A01-9801-CH-00014, 1999 WL 5084 at *5 (Tenn. Ct. App. Jan. 7, 1999) (perm. app. denied June 21, 1999). Thus, Mr. Brown was never entitled to earn credits under that section.

to receive sentence reduction credits under Tenn. Code Ann. § 41-21-236. *See Tomlinson*, 1999 WL 270383 at *3. Tenn. Code Ann. § 41-21-236 should not be read:

> as providing that the inmate will be entitled to accrue sentence reduction credits under the new statutes in addition to accruing sentence credits under the prior enactment. Instead, we interpret Tenn. Code Ann. § 41-21-236 to provide an inmate, who was accruing sentence credits under the prior statutes, the option of electing to continue to accrue sentence reduction credits under that statute.

*Crowder v. Dep't of Correction*, No. 01A01-9203-CH-00105, 1992 WL 207761 at *3 (Tenn. Ct. App. Aug 28, 1992) (perm. app. denied Dec. 28, 1992).

To the extent that Mr. Brown's claims can be construed to argue that §§ 41-21-212, 41-21-229, and 41-21-230 should be applied retroactively, such claims must also fail. This court addressed the issue whether prisoners were entitled to retroactive application of sentence reduction credits in *Henderson v. Lutche*, 938 S.W.2d 428 (Tenn. Ct. App. 1996) (analyzing the retroactivity of Tenn. Code Ann. § 41-21-236). In that case the court stated:

> Despite petitioner's argument that the Department should apply the statue retrospectively, there is a presumption that courts are to apply statutes prospectively unless there is a specific statutory directive requiring courts to apply them retrospectively. Our supreme court has stated "[i]n the absence of legislative intent or a necessary inference that a statute is to have retroactive force, an act of the legislature is to be given prospective effect only by the courts." *Electric Power Bd. v. Woods*, 558 S.W.2d 821, 825 (Tenn. 1977). Courts must apply a statute prospectively in the absence of "'the most clear and unequivocal expression'" to the contrary. *Henderson v. Ford*, 488 S.W.2d 720, 721 (Tenn. 1972) (quoting *Jennings v. Jennings*, 165 Tenn. 295, 54 S.W.2d 961 (1932)).

*Henderson*, 938 S.W.2d at 430. Tenn. Code Ann. §§ 41-21-212, 41-21-229 and 41-21-230 are silent as to retroactive application and there is nothing in the statute from which we can infer that the General Assembly intended it apply retroactively. *See Henderson*, 938 S.W.2d at 430. Accordingly, there can be no retroactive application of these statutes.

We turn to Mr. Brown's waiver argument. He claims that his waiver under Tenn. Code Ann. § 41-21-360 was ineffective because he was not informed of "the rights he was waiving arising under the revived [repealed] statutes." He maintains that he should have been informed in 1986 of his right to receive sentence reduction credits under the prior statutes because of the 1989 repeal of Class X Felony Act. As stated previously, the repeal of the Act did not revive the prior sentencing credit reduction statutes. Because Mr. Brown was not entitled to any additional sentence reduction credits based on the "revival" of the prior statutes, the waiver he signed did not effectively lengthen his sentence, notwithstanding his contention to the contrary. Mr. Brown did not argue that he had no meaningful choice between the actual sentence reduction credit schemes available to him. This fact

distinguishes *Crowder*, 1992 WL 207761 at *3, on which Mr. Brown relies. *See Wilson v. Tennessee Dep't of Correction*, No. 01A01-9806-CH-00302, 1999 WL 652016 at *3 (Tenn. Ct. App. Aug. 27, 1999) (no Tenn. R. App. P. 11 application filed); *compare Crowder*, 1992 WL 207761 at *3.

        To conclude, the judgment of the trial court is affirmed and the cause remanded for such further proceedings, if any, as may be required consistent with this opinion. Costs on appeal are taxed against Mr. Brown for which execution may issue if necessary.

                                                    _____

                                                    PATRICIA J. COTTRELL, JUDGE