IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
May 2000 Session

## EDDIE COPELAND v. JAMES A. BOWLEN, WARDEN

**Appeal from the Circuit Court for Bledsoe County**
**No. 10867      Buddy D. Perry, Trial Judge**

---

**No. E1999-01753-CCA-R3-CD - Decided**
**September 11, 2000**

The trial court dismissed the petitioner's pro se petition for habeas corpus relief. The petitioner alleges that various credits should reduce his sentence. The trial court determined that it lacked jurisdiction to address this issue or, in the alternative, that the sentence had not expired. We affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ALAN E. GLENN, JJ., joined.

Eddie Copeland, Pikeville, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; R. Stephen Jobe, Assistant Attorney General; and James Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Introduction

The petitioner, Eddie Copeland, pled guilty to aggravated rape before the Hamblen County Criminal Court and was sentenced concurrently with a Georgia sentence. The petitioner has sought sentence reduction credits for several years through correspondence with both Georgia and Tennessee authorities and under the Uniform Administrative Procedures Act (APA). By order, the Hamilton County Criminal Court dismissed his petition for habeas corpus relief for lack of jurisdiction and for failure to state a claim cognizable under habeas corpus relief. After careful review, we affirm.

### Background

On October 1, 1984, the petitioner pled guilty to aggravated rape in the Hamilton County Criminal Court. The judgment order states that the petitioner was arrested on this charge on April 9, 1983, made bond on April 15, 1983, and was again arrested for the charge on September 10, 1984. The trial court imposed a sentence of twenty years as a Range I standard offender, with release eligibility after service of thirty percent. This sentence was imposed concurrently with the petitioner's then current incarceration in Georgia for an offense or offenses neither discussed nor identified in the record.

The defendant completed his Georgia sentence and was returned to Tennessee to complete the sentence for aggravated rape on July 6, 1990. See Eddie Lamar Copeland v. Christine Bradley, No. 01A01-9409-CH-00435 (Tenn. Ct. App. filed Feb. 22, 1995). Correspondence regarding sentence credits followed, as the petitioner sought records from the Georgia Department of Correction (GDOC) to verify his claimed credits and application of credits by the Tennessee Department of Correction (TDOC).

The petitioner requested a TDOC declaratory order regarding the credits. William B. Hutcherson, Jr., Counsel to the Commissioner of TDOC, advised the petitioner that, although sentence reduction credits were potentially available from March 1, 1986, available documentation established that the petitioner had earned credits only from 1990. Hutcherson advised the petitioner to request a report from the Georgia authorities that detailed by month, his conduct, the number of days he had completed in a work/school/vocational program, his classification for each month,[1] and any disciplinary actions taken against him. After review, the sentence record would be appropriately modified. Therefore, advised Hutcherson, the petitioner's request for a declaratory order was denied. See Tenn. Code Ann. § 4-5-223.

The petitioner followed the APA, filing a Petition for Declaratory Judgment in the Davidson County Chancery Court, and the chancellor dismissed the petition for lack of jurisdiction because the petitioner had not filed within sixty days of the Commissioner's denial. See Copeland, No. 01A01-9409-CH-00435. The Tennessee Court of Appeals affirmed the dismissal but commented on TDOC's delay in eliciting the requested information from GDOC. See id.

During the pendency of the appeal, TDOC advised the petitioner, through memorandums in January, June, and July 1997, that 390 credits, accrued from incarceration in Georgia from October 1984 to June 1990, would be applied to his sentence. According to TDOC, this was the total amount applicable from the records submitted by GDOC. Further, the remaining accrued credits had been applied to the calculations for his sentence and the posted release date of 9-10-2001 "appear[ed] to be correct." That document further advised the petitioner that he received six days of credit for some months and eight days for other months while incarcerated in Georgia. He received a total of 993 prison sentence reduction credits (PSRC) and 96 program participation sentence credits (PPSC).

On July 26, 1999, the petitioner filed for habeas corpus relief in the Bledsoe County Circuit

---

[1] The defendant could not accrue sentence reduction credits for any incarceration under maximum security.

Court.[2]   The petitioner alleged that the effective date of the Tennessee sentence was actually July 26, 1983, the date he apparently began service of his Georgia sentence, and not September 3, 1984, as indicated on the offender sentence letter from TDOC. He asserted that the judgment sheet reflects his alleged plea agreement for pre-trial credits and pre-trial behavioral credits from July, 1983. Therefore, he claimed 429 day credits of pre-trial confinement and 112 day credits of pre-trial behavioral credits. He further alleged that 390 program credits earned during his incarceration in Georgia had not been applied.

The trial court's order dismissed the petition for writ of habeas corpus, first noting the APA as the proper avenue for recalculation of sentence reduction credits. Further, that court concluded that, even if the allegations were true and his claim cognizable in a habeas corpus proceeding, he would still not be entitled to relief. So, reasoned the court, the petitioner received a twenty-year sentence on October 4, 1984. The petitioner's exhibits indicated that the sentence would expire on September 3, 2004. Reduction of sentence by the 931 days requested by the petitioner would terminate the sentence in the year 2002. Therefore, the sentence had not expired and the claim for relief could not be granted.

**Analysis**

*Habeas corpus*

Habeas corpus relief under Tennessee state law is an extraordinary remedy granted only when a petitioner proves by a preponderance of the evidence that a judgment is void, and not merely voidable, on the face of the judgment or on the record on which the face of the judgment or the record of the proceedings on which the judgment is rendered. See Archer v. State, 851 S.W.2d 157, 163-64 (Tenn. 1993); Taylor v. Morgan, 909 S.W.2d 17, 19 (Tenn. Crim. App. 1995); Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). "[A]ny complaint regarding sentence credit miscalculations that relate to parole or other release eligibility short of full service of the sentence does not warrant habeas corpus relief." William Jones v. Department of Correction, No. 01C01-9606-CC-00263 (Tenn. Crim. App. filed May 30, 1997); see also Carroll v. Raney, 868 S.W.2d 721, 723 (Tenn. Crim. App. 1993) (Time credits, as internal matters, are generally inappropriate considerations under habeas corpus and their validity must be addressed though the APA.).

*Jail credits and sentence reduction credits*

Credits may reduce a defendant's sentence under Tennessee statutory law. When a sentence is imposed for confinement, the trial court is required to render a judgment reflecting credit for any jail time accrued pending arraignment and trial and for any time served subsequent "to any conviction arising out of the original offense for which the defendant was tried." Tenn. Code Ann.

---

[2] The record contains a copy of a Motion to Correct/Amend Judgment and Award Jail Credits, and this copy is not stamped as filed. The record contains no reference to any hearing or disposition on this motion.

§ 40-23-101(c).

Further, defendants in DOC may earn up to eight days for each full calendar month served for good institutional behavior and up to eight days per full calendar month for satisfactory proper performance. See Tenn. Code Ann. § 41-21-236(a)(2). "No prisoner shall have the right to any such time credits," see id., and the credits are available only on the governing warden's receipt of documents establishing good behavior and satisfactory performance, see Tenn. Code Ann. § 41-21-236(a)(3). One convicted may also earn good behavior credits for jail time served before the imposition of a sentence, but, again, these credits are not automatically awarded. See Tenn. Code Ann. § 41-21-236 (e)(1).

Our analysis must also consider another sentencing concern: The defendant committed a Class X felony and was therefore ineligible for sentencing credits under the law at the time of sentencing. See Tenn. Code Ann. § 41-21-212, -214(repealed 1985); Henderson v. Lutche, 938 S.W.2d 428, 429 (Tenn. Crim. App. 1996); see also Tenn. Code Ann. § 41-21-236(g) (Although repealed, Tennessee Code Annotated §§ 41-21-212 and -214 apply to inmates sentenced before repeal.). He committed the Class X felony before December 11, 1985, and is therefore only eligible for credits accrued from and after the date he signed a written waiver of his right "to serve his sentence under the law in effect at the time his crime was committed." Tenn. Code Ann. § 41-21-236(c)(3); Henderson, 938 S.W.2d at 430. We discuss this waiver in greater detail in the subsequent analysis.

### *Administrative Procedures Act*

The proper avenue for relief lies with the APA. See Tenn. Code Ann. § 4-5-101 to -325; Brigham v. Locke, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988); Lonnie Williams v. Bruce McDonald, No. 02C01-9603-CR-00109 (Tenn. Crim. App. filed Mar. 11, 1997, at Jackson). A petitioner still aggrieved must seek relief in the Chancery Court of Davidson County. See Tenn. Code Ann. § 4-5-225, -322.

In the instant case, the petitioner did initially pursue the proper avenue of relief. However, after TDOC received documentation, calculated the sentence, and advised the petitioner of the sentence status, he was still aggrieved. As noted, habeas corpus was not the proper course of relief. His remedy still lies with the APA and, thus, a suit in the Chancery Court of Davidson County. Again, we agree with the trial court's conclusion that it lacked jurisdiction.

### *Failure to state a claim*

Further, in the alternative, we agree with the trial court's conclusion that the defendant has not established by a preponderance of the evidence that his sentence is void versus merely voidable. The record is plagued by inconsistencies and omissions that simply preclude a reviewing court from considering that the sentence has expired.

First, the defendant asserts that he has accrued 429 days of pre-trial jail credits retroactively from the beginning of his Georgia sentence on July 26, 1983. For these days of credit, the petitioner relies on Tennessee Code Annotated § 40-23-101, which establishes that all pre-trial jail credits and jail credits arising from the conviction shall be granted. See Stubbs v. State, 393 S.W.2d 150 (Tenn. 1965) (establishes that the provisions of the cited act are mandatory). In support of this argument, he asserts that the Tennessee sentence began on that date, before he was convicted of the Class X felony, that such date was part of his plea agreement, and that the judgment order incorrectly reflects the commencement date as 10/4/84 .

The defendant's claim to these credits is unfounded. Pre-trial credits address discrepancy between a person of means, who can make bond while awaiting trial, and an indigent, who is unable, for economic reasons, to regain at least temporary freedom and thus is guaranteed credits for this time in jail. See State v. Abernathy, 649 S.W.2d 285, 286 (Tenn. Crim. App. 1983). Therefore, "[i]t is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense against which the claim is credited that such allowance becomes a matter of right." Trigg v. State, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975). This Court has consistently declined to overrule a trial court's denying credits when an accused must stay incarcerated, even after making bond. If one must stay incarcerated on one offense, even after making bond for another unrelated offense, the discrepancy between one who can make bond and an indigent is not present. See, e.g., State v. Timothy S. Bradley, No. 01C01-9804-CC-00165 (Tenn. Crim. App. filed Mar. 23, 1999, at Nashville). Such is the instant case: The defendant, incarcerated on his Georgia sentence, would thus remain incarcerated even after making bond on his Tennessee charge.[3]

Second, as one convicted of a Class X felony offense committed before December 11, 1985, the defendant was not eligible for sentence reduction credits until he waived in writing his right to serve his sentence under the law in effect at the time of his offense, see Tenn. Code Ann. § 41-21-236(c)(3), and, as a Class X offender, he was ineligible for any credits under the then-current scheme, see Henderson, 938 S.W.2d at 429. The record comprises a waiver signed by the defendant on December 28, 1991, but that waiver does not list the relevant docket numbers. Even if this waiver is valid in spite of the omission, he may not accrue credits under the statutory scheme before that date. Confusingly, the memos from TDOC indicate credits under the scheme preceding that waiver date, and a TOMIS sheet indicates that a waiver date of some type on March 1, 1986. One TOMIS sheet, however, shows a parole revocation hearing date on August 26, 1998, assumedly for the instant offense. In short, these deficiencies in the record preclude meaningful review and calculation of these credits.

The petitioner has not successfully disputed the great deference we give to TDOC calculations. See Mickey Allen Brown v. Ricky J. Bell, Warden, No. 01C01-9508-CC-00281 (Tenn. Crim. App. filed Dec. 13, 1996, at Nashville). Even were we to consider this claim on its merits, as stating a request for relief cognizable under habeas corpus, the petitioner has not met his

_____

[3] We are not currently addressing the applicability of good behavior credits under Tennessee Code Annotated § 41-21-236.

burden.

## CONCLUSION

Although the defendant has invoked the APA once in this case, he has since secured more credits and again contests TDOC calculations. Habeas corpus is the not the proper avenue of relief. His remedy is again recourse through the APA, and, if necessary, a suit presenting his argument and the contravening TDOC calculations to the Davidson County Chancery Court, thereby establishing some type of proper record that may support appellate review. His current proposed calculations do not establish that his sentence has expired. We affirm the trial court's order.

_____

JOHN EVERETT WILLIAMS, JUDGE